FORD v. ROBERTS.

1. ESTOPPEL — EFFECT OF A DISMISSAL OF A SUIT BY STIPULATION.— Where plaintiff moved a building for defendant, placing it in position on its new site, elevated on blocks furnished by the plaintiff, on which it was to rest ten days, in which time defendant was to have a permanent foundation placed under it and the blocks released, but failed to comply with his contract, and the plaintiff brought suit for the value of the blocks and for damages for their detention and use, the dismissal of such suit by stipulation of the parties, without a reservation to the plaintiff of the right to sue again, is a bar to another suit for the same cause of action.

2. MEASURE OF DAMAGES.— If at the expiration of the ten days defendant request the plaintiff to remove his blocks, and their removal be practicable, the plaintiff's damages on the account mentioned would be the expense of removal.

3. SAME.— But if the blocks are not capable of removal without compliance with his contract on part of defendant, the failure so to do amounts to a conversion, and the plaintiff's measure of damages is the value of the blocks at the date of the conversion.

### Appeal from Arapahoe County Court.

Messrs. GEO. W. MILLER and JOHN A. PERRY, for appellant.

Messrs. BROWNE & PUTNAM, for appellee.

REED, C.  It appears that the appellant, Ford, made a contract with Roberts, appellee, by which Roberts was to furnish the necessary tools and appliances, move a building, place it in position, furnish the necessary temporary blocking or underpinning, level the building, and allow the blocking to remain ten days, in which time Ford was to have a permanent foundation put in, so as to release the blocks of Roberts, and allow a removal of them. Such seem to be the facts, so far as ascertainable from the record.

The building was removed, and, as claimed by Roberts, leveled and blocked up, in accordance with the contract. Some controversy arose over the matter, and a suit was commenced by Roberts in the district court.  Ford failed to have the foundation put in, and the blocking released, so he could remove it.  A bill for $60, the alleged value of the blocking at the time it was put in, in June, 1881, and a bill for $150, for its detention, and the value of its use from the 14th of June to August 17th, was filed in the suit in the district court.  The record in this suit does not say what, if any, adjudication was had; and shows that in March, 1883, suit was dismissed by stipulation at the cost of Ford, who paid the costs.

This suit was brought before a justice of the peace,

appeal taken to the county court, transcript filed September 13, 1883, tried by the court in January, 1886, and judgment for Roberts for $100 and costs. The suit was brought for the detention and use of the blocking, and was the same as that for which the bill was filed in the district court. What was done in that court cannot be determined from anything in the record in this case, except a dismissal by agreement. The bill filed in that case became part of it; might have been adjudicated. If that case was settled by the parties without reserving a right to Roberts to again sue, that extinguished the cause of action. The court might have required proof, and, if the facts were found as above, the suit should have been dismissed at the cost of the plaintiff. If the supposed claim was not disposed of by the disposition of the suit in the district court, the case must be reversed for errors upon the trial.

It appears that Ford not only made no objection to Roberts' removing the blocks at the expiration of ten days, but told him to do so. Proof should have been made in regard to the practicability of the removal by Roberts, and; if practicable, he could have recovered only the expenses incident to. taking the blocks out. If found impracticable, and that they could not be removed without Ford complied with his contract,— put in the foundation and released them,— the court should have treated it as a conversion by Ford at the expiration of the ten days, and the proper inquiry was as to the value of the blocks at the time of the conversion. This should have been fixed by competent testimony, and could not have exceeded the sum of $60, as fixed by Roberts in his bill. Roberts was under no obligation to take the blocks back when they were released by Ford in September. He elected to do so, however, and did take them; and their value at the time of their recovery by Roberts should have been fixed, and the amount deducted from their value at the time of their conversion. There was

no contract of hire, and the measure of damage adopted by the court was erroneous, as may be seen at a glance. Roberts testified that he had replaced them at an expense of $60. If Ford had not seen fit to release them, the time for which Roberts could have recovered for their use would have only been limited by the time they would resist natural decay; and Roberts, under the rule adopted by the court, and according to his evidence of the value of their use to him, could at intervals have recovered from $750 to $1,000 a year for the detention and use of material worth $60.

The judgment should be reversed and cause remanded for further proceedings, in accordance with suggestions herein made.

RICHMOND and PATTISON, CC., concur.

PER CURIAM. For the reason s stated in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*