Argued March 9, reversed March 28, 1916.

## JOHNSTONE v. CHAPMAN TIMBER CO.

(156 Pac. 286.)

**Judgment—Conclusiveness—Matters Concluded.**

1. After beginning action an injured servant agreed to a settlement of his claim, his counsel preparing a stipulation for dismissal with prejudice to future actions. On such stipulation the court ordered a dismissal with prejudice to future actions. Section 182, L. O. L., provides for a judgment of nonsuit on motion of plaintiff, or on motion of either party on written consent of the other, or upon motion of the defendant in case plaintiff fails to appear, etc. Section 184 declares that a nonsuit shall not be a bar to another action for the same cause. *Held* that, as an action at law is disposed of either by judgment in favor of one of the parties or one of nonsuit, the judgment entered on the stipulation was a judgment on the merits final in nature and a bar to any subsequent action by the servant until set aside, notwithstanding the settlement was procured through fraud.

**Judgment—"Collateral Attack"—What Constitutes.**

2. Where the complaint sought to avoid such stipulation and release, but wholly ignored the former judgment, the action was a collateral attack upon such judgment, and cannot be maintained; a "collateral attack" being a proceeding which is not instituted for the express purpose of annulling, correcting or modifying a judgment.

[As to collateral attack on judgments, see notes in 94 **Am. Dec.** 766; 29 **Am. St. Rep.** 816; 40 **Am. St. Rep.** 730. As to what is direct as distinguished from collateral attack, see note in **Ann. Cas.** 1914B, 82.]

From Multnomah: ROBERT G. MORROW, Judge.

Department 2. Statement by MR. JUSTICE BEAN.

This is an action by Jack Johnstone against the Chapman Timber Company, a corporation, and the

Nehalem Timber and Logging Company, a corporation, for personal injuries. From a judgment for $2,500 on a verdict in favor of plaintiff, defendants appeal.

It appears that at the time of the accident which occurred on November 21, 1912, the defendant Chapman Timber Company was operating a logging camp near Scappoose, Oregon, in conducting which it used two certain donkey-engines, one called a "yarder" and the other a "roader." The yarder would drag the logs from the woods to the main road where the roader would then pull them to the rollway. Each donkey-engine had a set of cables composed of a main line and a trip line, the latter being used to draw the main line back to the woods after a log had been hauled in. The two lines formed a sort of endless chain. The plaintiff was known as a "chaser"; it being his duty to assist in taking the cable from the log after it had been pulled in to the main roadway, placing thereon the cable of the roader, and signaling to have the log dragged in. The yarder drew the logs to what was called the delivery point. On this there was also a chaser, one Jack Moon. His duties were the same as those of the plaintiff; the two often assisting each other in taking the cables off the logs. At the time the plaintiff was injured Moon was some ten feet from him. A log had just been hauled from the woods to the delivery point by the yarder from which plaintiff undertook to take the choker and attach the cable from the roader to the log. To do this he stepped between the log and a stump, and while at work another log was pulled in which struck the back end of the one he was working upon, pushing it forward and catching his leg between it and the stump, injuring him very severely. Plaintiff alleges as negligence that Moon

did not warn him of the danger. After the accident plaintiff was taken to a hospital in Portland, and was treated by the company's doctor. On March 18, 1913, he brought an action against the Chapman Timber Company for the injuries which he received on the date mentioned. His attorneys at that time were Richards & Richards. In his complaint he set up practically the same cause of action as he here sets out. At that time the doctor had succeeded in saving his leg, though plaintiff alleged that he would be permanently injured. In consideration of the sum of $750, the plaintiff made a settlement with the Chapman Timber Company on April 30, 1913, and signed a release freeing it from all claims, demands, and rights of action. This instrument was admitted by the plaintiff in his complaint. On the same day a stipulation was entered into between his counsel and that of the defendant company whereby on May 2, 1913, the action was dismissed with prejudice to any future action. On July 8, 1914, plaintiff brought the action on which he now seeks to recover damages. In the complaint therein he admits having signed the release and that settlement was made, but contends that at that time he was not informed of the true condition of his leg. He alleges that the company doctor who was treating him had told him that it would be saved, and, relying upon such representation, he settled for $750; that afterward he was compelled to have several operations performed, and finally the leg was amputated at the hip. The plaintiff offered to credit the $750 on any amount which he might receive on the verdict. After he was injured the Chapman Timber Company dissolved, and the Nehalem Timber & Logging Company took over its property. Plaintiff brings this ac-

tion against both companies, alleging that the latter took over the assets of the former.

The answer puts in issue the material charges of the complaint, and avers as affirmative defenses: (1) Assumption of risk; (2) fellow-servant; (3) contributory negligence and unavoidable accident; (4) the settlement as a complete adjustment and that Johnstone has not tendered back the $750; and (5) *res adjudicata* in that plaintiff had an action pending at the time he made the settlement and the action was dismissed with prejudice. The answer attaches the pleadings and judgment in the former case with all the proceedings as exhibits.

In his complaint plaintiff, as a reason for avoiding the settlement and release, alleges:

"That after plaintiff was confined in the hospital he was subjected to several surgical operations on his said injured leg, and was given large and frequent quantities of opiates, sedatives and medicines to allay pain, and while in such condition the defendants, acting through the physician in charge of plaintiff, which physician was selected by the defendant company, and not by plaintiff, represented and stated to plaintiff that he would fully recover the use of his said right leg and would be an able-bodied, strong man; that this plaintiff consulted with no other physician save and except the defendant company's physician, to wit, Dr. Zan; that plaintiff is unskilled in such matters, and did not know his true condition, but relied upon the statements of said Doctor Zan, and believed the same to be true, and while believing the same to be true the defendants induced plaintiff, well knowing that plaintiff relied upon said physician, to make an attempted settlement for the injuries sustained by him, and the defendant company thereupon paid the plaintiff the sum of $750, and took from this plaintiff a purported release and satisfaction in full discharge of all injuries caused to plaintiff as stated, and thereafter the condition of plaintiff's leg was such that

eight additional operations were performed on plaintiff, and at the ninth operation his leg was amputated at the hip as herein set forth; that plaintiff did not know his true condition nor the condition of his leg at the time of executing the alleged release above set forth, and that the representations to plaintiff that he would soon recover and that he would have the normal use of his leg were false and untrue; that plaintiff did not know the falsity thereof until after the settlement had been made, and except and for such statements plaintiff would not have made the alleged and pretended settlement; that said settlement was procured by the misrepresentation, fraud and deceit of the defendant, acting through defendant company's said physician as hereinbefore alleged.''

That the consideration of $750 was and is totally inadequate to pay plaintiff for the losses, injuries and damages sustained by him.

REVERSED AND REMANDED.

For appellants there was a brief over the name of *Messrs. Senn, Ekwall & Recken,* with an oral argument by *Mr. Frank S. Senn.*

For respondent there was a brief over the name of *Messrs. Logan & Smith,* with an oral argument by *Mr. Isham N. Smith.*

MR. JUSTICE BEAN delivered the opinion of the court.

Counsel for defendants timely interposed a motion for a nonsuit and one for a directed verdict in favor of defendants upon the grounds, among others: (1) That there was not sufficient evidence against the defendants to submit the case to the jury; and (6) that the evidence and pleadings show that another suit was started in this court and was compromised and settled between the parties, that there was an order of dismissal "with prejudice" to any future action, that the

judgment is an adjudication of this case just as though there had been a verdict of the jury, and that it cannot be attached by a collateral proceeding, and only by a suit in equity to set the same aside, and that the former order is a bar to this action.

1. The first question for consideration is the former judgment upon the stipulation of the parties after a settlement of the matter. The first action instituted by the plaintiff against the Chapman Timber Company is conceded by all to have been for the same cause of action as the present one. With the exception of the change in the name of the defendant company, as alleged by the plaintiff, the parties to the two actions are the same. After the commencement of the former proceeding the plaintiff made a settlement with the Chapman Timber Company on April 30, 1913, and in consideration of the sum of $750 executed to defendant an instrument in writing under seal releasing and discharging the company from all liability, and acknowledging full satisfaction and discharge of all claims accrued or to accrue in respect to all injuries or injurious results directly or indirectly arising or to arise from the said accident and injuries sustained by plaintiff on November 21, 1912. This settlement was made contrary to the advice of the attorneys who represented the plaintiff in that action, one of whom states that he told him he would be a cripple for life. Thereupon the attorneys for the respective parties on May 2, 1913, made and filed in that cause the following stipulation:

"Whereas, the above case has been fully settled and compromised by and between the parties hereto: It is therefore stipulated and agreed that the above case be, and the same is hereby, dismissed, with prejudice to future actions, and this is to authorize the attorney for

the defendant to secure the necessary order of dismissal.

"OREN R. RICHARDS,
"Attorney for Plaintiff.
"F. S. SENN,
"Attorney for Defendant."

On the same date the court entered the following judgment:

"Based upon the stipulation of the parties to the above-entitled action, and it appearing that same has been fully settled and compromised, it is therefore ordered and adjudged that said cause be, and the same is hereby, dismissed, with prejudice to any future action."

This judgment has not been vacated nor annulled in any way. All the proceedings in the former action are set up by the answer as a bar to the present case. An action at law is disposed of either by a judgment in favor of plaintiff or defendant or one of nonsuit: *Hoover* v. *King,* 43 Or. 281, 286 (72 Pac. 880, 99 Am. St. Rep. 754, 65 L. R. A. 790); *Mulkey* v. *Day,* 49 Or. 314 (89 Pac. 957).

Section 182, L. O. L., provides that a judgment of nonsuit may be given against the plaintiff:

"1. On motion of the plaintiff, at any time before trial, unless a counterclaim has been pleaded as a defense;

"2. On motion of either party, upon the written consent of the other filed with the clerk;

"3. On motion of the defendant, when the action is called for trial, and the plaintiff fails to appear, or when after the trial has begun, and before the final submission of the cause, the plaintiff abandons it, or when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury."

Such a judgment is not a bar to another action for the same cause: Section 184, L. O. L. The former

judgment does not come within either class defined by Section 182. It is a full and complete adjustment of the matter in controversy between the parties, and has the same effect as though it had been entered in favor of plaintiff for the sum of $750, and then satisfied upon payment of that amount, and is a bar to the present action. It is stronger in detail than a retraxit or open voluntary renunciation in court of any claim against defendant by which plaintiff forever loses his action: 3 Blackstone's Commentaries, 296; *United States* v. *Parker,* 120 U. S. 89, 95 (30 L. Ed. 601, 7 Sup. Ct. Rep. 454); *Merritt* v. *Campbell,* 47 Cal. 543; *Hoover* v. *Mitchell,* 25 Gratt. (66 Va.) 387; *Wohlford* v. *Compton,* 79 Va. 333; *Ford* v. *Roberts,* 14 Colo. 291 (23 Pac. 322); *Phillpotts* v. *Blasdel,* 10 Nev. 19. In *United States* v. *Parker,* 120 U. S. 89, 95 (30 L. Ed. 601, 7 Sup. Ct. Rep. 454), on motion of defendant's attorneys of record, the following judgment was made and entered:

" * * It appearing to the court that the subject matter in this suit has been adjusted and settled by the proper parties, * * it is therefore ordered that this cause be, and the same is, hereby dismissed."

This was held to be a judgment on the merits, final in form and nature, and a bar to a subsequent suit against the defendants for the same cause of action. The stipulation of the parties by their respective attorneys takes the place of evidence and a verdict, and fully authorized the court to enter the judgment.

2. The record does not show that the former judgment has ever been impeached or set aside. We therefore have two judgments both involving the same parties, the same issues, and each of equal solemnity, one showing a complete settlement and adjudication of the matter in controversy, and the other showing an un-

satisfied judgment in favor of plaintiff. The second action cannot be maintained until the first judgment has been vacated or annulled. The complaint in the present case seeks to avoid a settlement and release, but wholly ignores the former judgment, upon which it is plainly a collateral attack. A judgment of the class to which the one in question belongs is "in respect to the matter directly determined, conclusive between the parties and their representatives and successors in interest by title subsequent to the commencement of the action, suit or proceeding litigating for the same thing, under the same title, and in the same capacity." A collateral attack on a judgment or decree is any proceeding which is not instituted for the express purpose of annulling, correcting or modifying such judgment: *Morrill* v. *Morrill,* 20 Or. 101 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155); *Purdy* v. *Winters' Estate, ante,* p. 614 (156 Pac. 285). The lower court erred in not holding that the former judgment was a bar to the present action. Our views upon this question render it unnecessary to consider the other errors assigned in the case.

It follows that the judgment should be reversed and the cause remanded for such further proceedings as may seem proper, not inconsistent with this opinion.

It is so ordered.    REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE HARRIS concur.