## CAIN et al. v. QUANNAH LIGHT & ICE CO.

No. 18079. Opinion Filed May 22, 1928.

(Syllabus.)

1. Judgment—Torts—Liability of Joint Tort-Feasors—Effect of Compromise and Release of One—Right to Sue and Recover Judgment Against Any or All, but Only One Satisfaction of Claim.

Where several persons jointly commit a wrong resulting in injury to another, the liability against such joint wrongdoers to the person injured is joint and several, and a compromise of the claim and a release as to one will not operate to release the others unless such was the intention; and in such case the injured party may sue all or any of them in a single action, or he may sue them separately; but, although several judgments may be thus obtained, there can be but one satisfaction, and the acceptance of payment in full upon the judgment obtained against one of such persons will operate as a bar to the further prosecution of actions for the same injury against any of the others.

2. Same—Splitting Cause of Action not Permitted—Recovery Against One Tort-Feasor for Part of Damages Bar to Further Claim Against Others.

Although several separate suits may be brought for a joint liability, yet, where the injury is an entirety, the damage resulting therefrom cannot be apportioned among the wrongdoers, nor divided into separate demands; and where the injured party sues one of the wrongdoers, and demands only a part of the damage which he suffered by

the injury, a recovery and satisfaction therein will operate as a bar to any further claim of damages against the others.

3. **Same—Contribution — One Tort-Feasor Discharging Liability not Entitled to Contribution from Others.**

Where the concurring active negligence of two persons causes injury to a third, and one of the wrongdoers is sued and judgment obtained, and, by reason of such judgment, is compelled to discharge the liability thereby incurred, no contribution or indemnity can be had by the person so discharging such liability.

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Sam Hooker, Judge.

Action by Frances Cain and others against the Quannah Light & Ice Company for damages. Judgment for defendant, and plaintiff appeals. Affirmed.

W. C. Austin, L. P. Oldham, Adelbert Brown, and Gordon Stater, for plaintiffs in error.

Ross & Thurman, for defendant in error.

HERR, C. This is an action originally brought in the district court of Oklahoma county by Frances Cain, widow of C. H. Cain, deceased, in her own behalf and on behalf of her minor children, against the Quannah Light & Ice Company, to recover damages because of the death of her husband. The Hartford Accident & Indemnity Company was also made a party plaintiff.

The deceased met his death at Eldorado, July 6, 1923, while engaged as an employee of the United States Gypsum Company, in pulling a switch to cut off the electric current at a transformer and substation owned and operated by the said Gypsum Company, in connection with its business. This station was constructed by the defendant under a contract with the Gypsum Company. The plaintiff alleges that this substation was negligently constructed, and constructed in such manner as to become highly dangerous to third persons.

It is alleged by the plaintiff, Hartford Accident & Indemnity Company, that it paid plaintiff the sum of $5,000 on her claim by reason of its liability on an idemnity policy carried by the Gypsum Company, for the benefit of its employees; that by reason of having made such payment, it is entitled, under the law and the terms of its policy, to subrogation, and on this theory entitled to recover from the defendant the sum so paid.

The defendant denies liability, and pleads that the plant was constructed under contract with the Gypsum Company, and constructed, in all respects, in accordance with the contract and as demanded by the Gypsum Company; that the same was completed and accepted by the Gypsum Company several weeks prior to the accident; that, if liability exists, the said Gypsum Company is alone liable.

The defendant further pleads that, prior to the filing of this suit against it, the plaintiff filed her suit in the district court of Jackson county against the Gypsum Company, in which suit she claimed her entire damage to be the sum of $7,500; that in said suit she recovered judgment against the said company in the said sum, and has received payment in full thereon, and satisfied the judgment; that by reason thereof, she cannot maintain this action.

As to the claim of plaintiff, the Hartford Accident & Indemnity Company, this defendant says that, even though liability exists against it, it could only be held to be jointly liable with the Gypsum Company, and being jointly liable, and under the law joint tort-feasors, recovery over against it could not be had by the Gypsum Company, and, therefore, the plaintiff Hartford Accident & Indemnity Company has no cause of action against it.

The evidence discloses that this substation was constructed by the defendant for the Gypsum Company under contract with said company. The station was about eight feet high, four feet wide, ten feet long, and was enclosed by a high board fence, entrance thereto being made through a door at the end of the fence. On the inside was a mass of wires carrying electricity, and near the end of these wires, opposite the door, was located a switch which was used in turning on and cutting off the current; that one of these wires carried 13,000 volts of electricity; that the handle or lever to this switch was placed within 15 inches of this high voltage wire; that the wires in said station to and from said switch were so constructed as to leave a space of only six inches on each side of a person entering to pull the switch; that the deceased, at the time of the accident, was attempting to pull this switch in order to cut off the current; that the switch stuck and was difficult to open, and, in attempting to release the same, deceased became overbalanced, and his left hand came in contact with this high voltage wire causing his electrocution.

The plaintiff introduced testimony tending to show that the switch was defective in several particulars, and improperly constructed. Testimony was also introduced showing that the wires were not properly insulated. The evidence discloses that no wooden platform was provided for a person to stand on while pulling the switch; that no sufficient space was allowed between the wires to permit safe entrance for the purpose of disengaging the switch.

The evidence further discloses that defendant was furnishing, for hire to the Gypsum Company, the electricity carried over these wires. It is also disclosed that the station was constructed according to plans approved by Mr. Birdseye, chief engineer of the Gypsum Company. Testimony also developed that the defendant recommended a different switch than the one installed, but that the chief engineer of the Gypsum Company refused to follow such recommendation.

It was also established by the evidence that plaintiff, prior to the institution of this suit, filed suit on this identical cause of action against the Gypsum Company in the district court of Jackson county, for damages in the sum of $7,500; that judgment for said sum was rendered in her favor; that said judgment has been fully paid, and by her satisfied. The judgment, however, contains the provision that the same should be without prejudice to plaintiff's rights against the Quannah Light & Ice Company.

At the conclusion of the evidence, the court directed verdict in favor of the defendant. Plaintiff appeals.

As to the plaintiff Mrs. Cain, it appears from the record that the court based its ruling on the theory that the satisfaction of the judgment obtained against the Gypsum Company operated as a bar to this suit.

As to the plaintiff Hartford Accident & Indemnity Company, the ruling was based on the theory that the defendant and the Gypsum Company were joint tort-feasors, and that as between joint tort-feasors there can be neither contribution nor indemnity; that the Gypsum Company not being entitled to indemnity, no right of subrogation exists in favor of the Hartford Accident & Indemnity Company, and it could not, therefore, maintain its cause of action against the defendant.

We are of the opinion that the court ruled correctly in directing a verdict in favor of the defendant. The satisfaction of the prior judgment against the Gypsum

Company, in our opinion, is a bar to this action. In vol. 34 C. J. 983, it is said:

"As a plaintiff can have but one satisfaction for a joint wrong, if he recovers a judgment against one of the tort-feasors and obtains satisfaction, this operates as a discharge of the others."

See, also, the following authorities; Sessions v. Johnson, 95 U. S. 347, 24 L. Ed. 596; Miller v. Beck, 108 Iowa, 575, 79 N. W. 344; Savage v. Stevens, 128 Mass. 254; Blackman v. Simpson (Mich.) 79 N. W. 573; Bryant v. Reed (Neb.) 52 N. W. 694; Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647; McCoy v. Louisville, etc., R. Co. (Ala.) 40 South. 106; Berkley v. Wilson (Md.) 39 Atl. 502; Grimes v. Williams (Mich.) 71 N. W. 835; Union Associated Press v. Press Pub. Co., 54 N. Y. Supp. 183.

On this proposition, after citing numerous cases in the notes, the author, in 27 A. L. R. 806, says:

"The general theory expressed in the foregoing cases finds support in a practically uniform line of authorities holding that the acceptance of satisfaction of a judgment against one of two or more joint tort-feasors is a bar to any further proceedings against the other tort-feasors, except for costs."

In the case of Westbrook v. Mize (Kan.) 10 Pac. 883, the court, in the opinion, says:

"From the pleadings, it appears that the injury inflicted, and the claim of damages therefor, constituted a single and entire demand, which the law does not permit to be severed or divided up into several causes of action. If, in the former action, the plaintiff demanded less than he was entitled to, or if he sued for all and recovered less, he will not be permitted, after the payment and acceptance of the amount recovered, to maintain an action against the other trespasser for the balance to which he was entitled, or which he might have demanded in the first instance."

Counsel for plaintiff contend that as between joint tort-feasors, the liability is joint and several; that separate suits may be filed and separate judgments taken against all, and that a judgment against one is no bar as to the others; that a compromise of a claim, and release as to one joint tort-feasor, will not bar an action against the others, and that a partial satisfaction of a joint judgment by one judgment debtor, and a release from further liability as to such judgment debtor, will not operate as a bar as to other judgment debtors.

In order to sustain this contention, counsel cite the following authorities: Albert S.

Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U. S. 110, 56 L. Ed. 1009; City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186; City of Tulsa v. McIntosh, 90 Okla. 50. 215 Pac. 624; Scott v. Kansas State Fair Ass'n (Kan.) 171 Pac. 634; Edens v. Fletcher (Kan.) 98 Pac. 784. The rule announced in the above cases is not controverted by defendant, but it is contended that the rule is not applicable to the facts in this case. With this contention we agree.

In the instant case, plaintiff procured a prior judgment, and obtained full satisfaction thereof, which satisfaction operates, not only as a release as to the Gypsum Company, but as a complete settlement of the cause of action. In the cases cited by plaintiff, the claims were not reduced to judgment, and settlement and release were made prior to judgment: there was no settlement of the cause of action.

It must be borne in mind that there was but one cause of action, and, while the plaintiff might have proceeded separately against all, and have recovered judgment against all, yet there could be but one satisfaction.

In the case of City of Tulsa v. Wells, supra, this court says:

"* * * The rule is that the party injured may bring separate suits against the wrongdoers, and proceed to judgment in each, and no bar arises as to any of them until satisfaction is received."

The ruling of the trial court is not at all in conflict with the holding in this case; neither is the case of the City of Tulsa v. McIntosh, supra, decisive of this case. If the plaintiff had sued and recovered judgment against both the defendant and the Gypsum Company, and had released the judgment against the Gypsum Company upon a payment less than the entire judgment, the case would be in point, and in such case the defendant would still be liable for the balance of the unpaid judgment.

A different state of facts arises in the instant case. In this case, plaintiff seeks to split her cause of action, apportion her damages, and recover part thereof in one action and a different part thereof in another action. This she cannot do.

In the case of Laughlin v. Excelsior-Powder Mfg. Co. (Mo.) 134 S. W. 116. it is said:

"A person injured by a joint tort has but one cause of action, and, while he may prosecute the same against all or only one of the wrongdoers, he cannot split the same."

But, it is argued that the plaintiff did not intend to recover her full damages, in her former suit, against the Gypsum Company; that the judgment rendered was an agreed judgment intended only as a compromise and a release of the Gypsum Company, without prejudice to the rights of the plaintiff as against this defendant, and that the judgment so provides.

The answer is: The question here involved is not a question of plaintiff's intention; it is a question of her legal right to split her cause of action, to apportion her damage, and to recover by separate actions separate portions thereof. Plaintiff had but one cause of action. This cause of action, of course, existed against all wrongdoers, but it was a single cause of action, and when suit was filed on this cause of action and damage in the sum of $7,500 claimed as her full damage, and such claim reduced to judgment, the cause of action then merged in the judgment, and the satisfaction of the judgment was a satisfaction and settlement of the cause of action.

The plaintiff having no legal right to split her cause of action, the court by its judgment could not legally grant such right. if. in fact. it so intended. It must be borne in mind that it is not the rendition of the judgment that operates as a bar, but it is the satisfaction thereof. If the court, by its judgment. intended to reserve to the plaintiff the right to proceed against this defendant. after full and complete satisfaction of the judgment, this portion of the judgment would be inoperative as beyond the power of the court to render. Plaintiff, having by her first suit claimed her entire damage to be $7,500, and having recovered judgment for the same and received payment in full and satisfaction thereof, is now barred from maintaining this action against the defendant.

We think the court was also correct in directing a verdict against the Hartford Accident & Indemnity Company. The general rule is that as between joint tort-feasors there can be neither contribution nor indemnity. Counsel for plaintiff concede this to be the rule. but say the rule has its exception; that the rule only applies where the parties are equally in the wrong, and cannot be applied as against a party who is only constructively liable, and who was. in no manner, personally guilty of any act of negligence. and whose liability became fixed only because of his failure to recognize and act upon the condition brought about by the real wrongdoer. Numerous cases are cited in support of this position. It would be im-

possible in this opinion to review these cases. The exception contended for is well sustained by the authorities, but cannot be applied to the facts in this case.

The substation was constructed under contract with the Gypsum Company, and under supervision of its chief engineer. It was constructed as the Gypsum Company desired. It was accepted by the said company with full knowledge as to the manner of construction. The negligence complained of was the manner in which the station was constructed. Its dangerous condition was as obvious to the Gypsum Company as to the defendant.

In these circumstances, it occurs to us that it cannot be seriously contended that the Gypsum Company was free from wrong, and that the fault and wrong was wholly the fault and wrong of the defendant.

As to the right of contribution or indemnity in this class of cases, the rule is stated in vol. 6, R. C. L. 1056, as follows:

"There is some authority for the statement that the rule that the right of contribution does not exist as between joint tortfeasors has no application to torts which are the result of mere negligence, but the prevailing view seems to be that where the concurring active negligence of two persons causes injury to a third, and one of the wrongdoers is compelled to discharge the liability thereby incurred, no contribution or indemnity can be had."

Numerous cases sustaining the text are cited in note 10. In the case of Moore & Savage v. Kopplin (Tex. Civ. App.) 135 S. W. 1033, it is said:

"An employer cannot escape liability by a contract with an independent contractor for the doing of that of which the necessary effect is to injure others; nor can an employer contract for the building of a structure which is in itself illegal, or a public nuisance, and throw the entire liability therefor upon the builder on the ground that he is an independent contractor."

"There can be no contribution between joint tort-feasors, even when there is a judgment against all and the whole damage is collected from one, and this rule applies in all its force where the tort-feasor seeking contribution knew that he was doing an illegal act; since where all actively participate in the wrongful act, or aid in its commission, the equitable doctrine of contribution cannot be invoked to save any one of them from the consequences."

Under the above authorities, no right to idemnity exists in favor of the Gypsum Company, and, therefore, no cause of action

exists in favor of the Hartford Accident & Indemnity Company.

Judgment of the trial court should be affirmed.

BENNETT, JEFFREY, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 983, § 1404; 34 Cyc. p. 1086; 38 Cyc. p. 490; anno. L. R. A. 1918F, 364; 27 A. L. R. 799; 50 A. L. R. 1057; 23 R. C. L. p. 405; 3 R. C. L. Supp. p. 1327; 5 R. C. L. Supp. p 1243; 6 R. C. L. Supp. p. 1374; 7 R. C. L. Supp. p. 777; 26 R. C. L. p. 766; 5 R. C. L. Supp. p. 1425; 6 R. C. L. Supp. p. 1568. (2) 38 Cyc. p. 491. (3) 38 Cyc. p. 493; 6 R. C. L. p. 1054; 2 R. C. L. Supp. p. 273; 5 R. C. L. Supp. p. 388; 6 R. C. L. Supp. p. 426; 7 R. C. L. Supp. p. 210.