## EBERLE v. SINCLAIR PRAIRIE OIL CO.

### No. 2225.

Circuit Court of Appeals, Tenth Circuit.

June 3, 1941.

Glenn O. Wallace and William W. Pryor, both of Wewoka, Okl., for appellant.

Summers Hardy, of Tulsa, Okl. (Edward H. Chandler and W. H. McBrayer, both of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

The McGeorge Corporation,[1] a pipe-line service company, is a corporation organized under the laws of Oklahoma. The Sinclair Prairie Oil Company[2] is a corporation organized under the laws of Maine. Sinclair was the owner of a gas pipe line located in Pottawatomie County, Oklahoma. A leak developed in the line and Sinclair employed McGeorge to repair the leak. Carl Eberle was an employee of McGeorge. On February 6, 1939, Alvah Gray, foreman of McGeorge, Eberle, and two other employees of McGeorge undertook to repair the leak. Eberle died as the result of an explosion which occurred during the prosecution of the work. Duskey Eberle, administratrix of the estate of Carl Eberle, brought an action, numbered 21,683, in the district court of Seminole County, Oklahoma, against McGeorge and Vetchel Hailey, a fellow employee, to recover damages for the wrongful death of Eberle, and for pain and suffering in the interval between the explosion and his death. In her petition the administratrix alleged that the gas line

---

[1] Hereinafter referred to as McGeorge.

[2] Hereinafter referred to as Sinclair.

was buried underground approximately seven feet and that in order to discover the leak, it was necessary to dig a pit and uncover the pipe; that at the beginning of the work the gas was escaping in small quantities, but as the work progressed and the pit or hole was sunk to a greater depth, the gas discharge became greater; that an employee of the Sinclair Pipe Line Company advised McGeorge's foreman in charge of the repair work that the conditions were highly dangerous and that he would go to the gas plant a short distance away and shut off the gas until the excavation was completed and the pipe repaired; that instead of waiting for the gas to be shut off, McGeorge's foreman ordered Eberle to proceed with the work; that some one negligently struck a match which ignited the gas and caused an explosion; that as a result of the ignition and explosion of the gas, Eberle was severely burned and injured; that he suffered excrutiating pain and mental and physical anguish and died from the burns and injuries fifteen hours later.

On October 21, 1939, counsel for the administratrix and counsel for McGeorge and Hailey entered into a contract of compromise. The contract recited that the administratrix had brought an action against McGeorge and Hailey seeking damages for the wrongful death of Eberle, for the use and benefit of his widow and minor children, and for the conscious pain suffered by Eberle, for the use and benefit of his estate; that the parties to such action had "agreed upon a compromise and settlement by the terms of which plaintiff has been paid by defendants the sum of $7,000 in compromise and settlement of the aforesaid cause of action for wrongful death, on behalf of the next of kin, and $500 in compromise and settlement of the cause of action for the conscious pain and suffering, for the use and benefit of the estate; and plaintiff and her aforesaid attorneys acknowledge receipt of said sums and do hereby compromise and settle this case and both of said causes of action."

The stipulation released McGeorge, its agents, servants, and employees from all liability of every kind and character arising out of the accident and authorized the court to dismiss the action with prejudice. It further recited that the administratrix was asserting a claim against other tort-feasors on account of the accident and that the compromise and settlement were without prejudice to her rights against such tort-feasors.

On the same day, the court entered a judgment in Number 21,683 which recited that the cause came on regularly for hearing, that evidence was introduced, and that the court, after considering the evidence and the files and record in the case, found that a bona fide dispute and controversy existed; that the parties were desirous of settling and compromising such controversy, and had agreed upon a compromise and settlement by the terms of which the administratrix had been paid $7,500 in compromise of the cause of action for wrongful death and the cause of action for conscious pain and suffering, and ordered and adjudged that the compromise should be confirmed and approved; that the suit should be dismissed with prejudice as to McGeorge and Hailey, but that the compromise should be without prejudice to the claims of the administratrix against any other tort-feasor for damages on account of the accident to and death of Eberle.

Thereafter, the administratrix commenced an action in the district court of Seminole County, Oklahoma, against Sinclair and Alvah Gray, a coemployee, for the wrongful death of Eberle. Sinclair removed the action to the District Court of the United States for the Eastern District of Oklahoma, where it was numbered 228, alleging in its petition that the joinder of Gray was fraudulent and set up the compromise agreement and the substituted and amended petition and judgment in Number 21,683. Thereafter, the administratrix filed a second amended petition in Number 228 in which she set up two causes of action, one for the wrongful death of Eberle, and one for the conscious pain and suffering of Eberle during the interval between the explosion and his death. She alleged that the accident was caused by the negligent failure of Sinclair to shut off the gas in the line while the leak was being repaired.

The trial court found that the stipulation of settlement and the judgment in Number 21,683 was a bar to the action against Sinclair and Gray and entered a summary judgment dismissing the action. The administratrix has appealed.

■ A person injured by a joint tort has a single and indivisible cause of ac-

tion.[3] He may proceed against the wrong-doers either jointly or severally and may recover a judgment or judgments against all, but he can have but one satisfaction of his single cause of action.[4] Neither may he split his cause of action.[5] The administratrix might have entered into a compromise with McGeorge, dismissed her action against it, released McGeorge or covenanted not to sue McGeorge and reserved her right to sue Sinclair and Gray.[6]

■ Instead of following that course, the administratrix elected to enter into the contract compromising and settling her two single causes of action, received the sum stipulated in satisfaction thereof, and submitted the compromise to the court for its approval. The court by its judgment approved the compromise and settlement of the two causes of action and dismissed the action with prejudice. The judgment had the same effect as though it had been entered in favor of the administratrix for the stipulated amount and had then been satisfied upon the payment of that amount. Johnstone v. Chapman Timber Co., 79 Or. 674, 156 P. 286, 288. The effect of the settlement and compromise of the causes of action, the receipt of the sum stipulated, the judgment approving the compromise of the causes of action, and dismissing the action with prejudice was an extinguishment of the two single causes of action.[7] The causes of action having been extinguished, the district court of Seminole County, Oklahoma, was powerless to reserve the right in the administratrix to prosecute another suit on the same causes of action against Sinclair and Gray.[8]

The judgment is affirmed.

[3] City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434, 436; Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, 643, 644.

[4] Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, 643; City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434, 436.

[5] Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, 643, 644.

[6] Safety Cab Co. v. Fair, 181 Okl. 264, 74 P.2d 607, 609; Adams v. Stanolind Oil & Gas Co., 187 Okl. 478, 103 P.2d 526, 527; Bland v. Lawyer-Cuff Co., 72 Okl. 128, 178 P. 885, 889, 890; Harn v. Interstate Building & Loan Co., 77 Okl. 265, 188 P. 343, 346.

[7] Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, 643, 644; City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434, 436.

[8] City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434, 436; Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, 643, 644.

In Cain v. Quannah Light & Ice Co., supra, the court said:

"In the instant case, plaintiff procured a prior judgment, and obtained full satisfaction thereof, which satisfaction operates, not only as a release as to the gypsum company, but as *a complete settlement of the cause of action*. In the cases cited by plaintiff, the claims were not reduced to judgment, and settlement and release were made prior to judgment; *there was no settlement of the cause of action.* * * *

"The plaintiff, having no legal right to split her cause of action, the court by its judgment could not legally grant such right." (Italics ours.)