MUISE v. ABBOTT.
No. 1084.

District Court, D. Massachusetts.

May 28, 1945.

A. L. Kaplan, of Boston, Mass., for libelant.

Albert T. Gould and Bingham, Dana & Gould, all of Boston, Mass., for respondent.

FORD, District Judge.

This is a libel in admiralty for maintenance and cure brought by Levi J. Muise against James L. Abbott, part owner of the schooner American.

On or about April 6, 1943, the libellant was a member of the crew of said schooner, which was tied up for unloading at the Slade-Gorton Plant in East Gloucester, Massachusetts. At 5 p. m. the work of unloading had ceased and libellant went ashore. On his way back to the schooner that night and while in libellee's employ, libellant travelled along a passageway of the Gorton Pew Fisheries Company, Ltd. (hereinafter referred to as the Gorton Company), in order to get from the nearest highway to the vessel; on said premises he was injured by falling into an unguarded pit.

Thereafter on August 26, 1943, the libellant brought an action at law against the Gorton Company for injuries sustained as a result of the latter's negligence. Before the case went to trial, it was settled for $5,500 and a general release, presented in this trial, was given to the Gorton Company on April 13, 1944, discharging the Gorton Company from all claims the libellant had arising out of personal injuries, damages, expenses, and loss alleged to have been sustained as a result of the accident of April 6, 1943. An agreement for judgment and judgment satisfied in the amount of $5,500 were filed. Judgment was entered accordingly.

The question to be decided here is whether the release and satisfied judgment against the Gorton Company precludes the libellant from recovering in whole or in part against the shipowner on his right to maintenance and cure.

It is a fundamental principle of the law of damages that one who is injured by a tortious act or a breach of contract is entitled to compensatory damages,

j. e., pecuniary remuneration commensurate with the damage or loss caused by the defendant's act giving rise to the cause of action. In the absence of circumstances warranting the allowance of exemplary damages, the court will not allow a plaintiff to recover more than one satisfaction in damages—enough to put him in status quo. The limitation is undoubtedly based upon a theory of unjust enrichment.

■ This principle of unjust enrichment is present in situations analogous to the instant case. Cases involving joint tort-feasors and concurrent tort-feasors are illustrative of the rule. The recovery and full satisfaction of a judgment against one tort-feasor is a bar to an action against another. Sessions v. Johnson, 95 U.S. 347, 24 L.Ed. 596; Lovejoy v. Murray, 3 Wall. 1, 18 L.Ed. 129; Savage v. Stevens, 128 Mass. 254; Eberle v. Sinclair Prairie Oil Co., 10 Cir., 120 F.2d 746, 135 A.L.R. 1494; see Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641; Prosser on Torts, p. 1106; 27 A.L.R. 805–822; 65 A.L.R. 1087–1092; Restatement, Judgments, Sec. 95b; Restatement, Torts, Sec. 886. Likewise a valid release of one tort-feasor discharges all others liable for the same harm, unless the parties to the release agree that the release shall not discharge the others. Restatement, Torts, Sec. 885. Of course it is obvious here we are dealing not with joint or concurrent tort-feasors but with a tort-feasor and a shipowner, the latter obligated under the circumstances to pay damages under a contract implied in law, Aguilar v. Standard Oil Co., 318 U.S. 724, 730, 63 S. Ct. 930, 87 L.Ed. 1107; Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 371, 53 S.Ct. 173, 77 L.Ed. 368; Pacific S. S. Co. v. Peterson, 278 U.S. 130, 137, 138, 49 S.Ct. 75, 73 L.Ed. 220; yet the same equitable principle of unjust enrichment is involved.

■ The cases cited by the respondent, Krey v. United States, 2 Cir., 123 F.2d 1008; The Rolph, 9 Cir., 299 F. 52, 55; John A. Roebling's Sons Co. v. Erickson, 2 Cir., 261 F. 986, 988; Owens v. Hammond Lumber Co., D.C., 8 F.Supp. 392, do not, as the respondent contends, stand for the proposition that maintenance and cure as elements of damages are necessarily included in recoveries in indemnity suits for unseaworthiness or damages under the Jones Act. Unless it is definitely shown that the elements of maintenance and cure have actually been included in such suits, whether against a third party or the shipowner, the libellant is not barred from recovery in a subsequent suit against the shipowner for maintenance and cure. Smith v. Lykes Brothers Ripley S. S. Co., Inc., 5 Cir., 105 F.2d 604, 605; Ottinger v. Walling, 335 Pa. 177, 5 A.2d 801; The W. H. Hoodless, D.C., 38 F.Supp. 432, 433. Nothing in the case of Jones v. Waterman S. S. Co., D.C., 60 F.Supp. 30, is contrary to the principle stated. In that case the court pointed out that maintenance and cure were specifically included in the release given.

■ In the instant case the libellant has released and satisfied a judgment against the Gorton Company, the third-party tort-feasor. If that recovery included damages for cure and maintenance, it would be manifestly unjust to allow the libellant-seaman to recover for the same items in this action against the shipowner.

In the release given to the Gorton Company the libellant released the Gorton Company from liability for all loss, damage, and expenses resulting from the injury. It is certain that medical expenses and maintenance, as part of lost wages, could have been elements of damages in that suit.

There is nothing in the pleadings in the Gorton Company suit that is helpful in deciding these issues. However, a letter was introduced in evidence by the respondent which had been sent to counsel for the Gorton Company by the libellant's attorney (same attorney here) seeking a compromise of that suit wherein the medical expenses and other expenses for cure incurred by the libellant with respect to his injuries were specifically set forth in itemized form in the amount of $1,039.78. There is no evidence in that communication that maintenance as such was specifically included. However, concerning lost wages there was a statement in the letter that in 1942 the libellant had earned $2,640 "plus approximately $300 additional for food consumed." These items were offered as a basis for his lost earnings for the year following his accident on April 6, 1943. There was a further statement that the earnings of fishermen in 1943 and 1944 had increased one-third to one-half. Counsel then estimated lost wages as $4,000 (36+% in excess of earnings and food consumed) in a detailed statement concerning his items of loss. It is fairly inferable that there was included in this $4,000 wage item, an item for food in the amount of $408.16.

The parties have stipulated that the value of the maintenance item during the libellant's convalescence was $910.

I reach the conclusion that the item of cure was specifically included in the amount reflected in the release and judgment, and the maintenance item has been included and satisfied to the extent of $408.16. Thus, the result reached is not to allow further compensation as respects cure, and to mitigate the maintenance damages in the sum of $408.16.

Judgment will be entered for the libellant in the amount of $501.84, with costs.