Lott VIEHWEG and Adell Viehweg, husband and wife, Plaintiffs,

v.

MOUNTAIN STATES TELEPHONE AND TELEGRAPH CO., a corporation, Defendant.

No. 1917.

United States District Court
D. Idaho, E. D.
June 15, 1956.

Gee & Hargraves, Pocatello, Idaho, for plaintiffs.

Merrill & Merrill, Pocatello, Idaho, for defendant.

TAYLOR, District Judge.

The above-entitled matter is presently before the Court on defendant's motion for a summary judgment. The plaintiffs served notice on the defendant requiring the said motion to be submitted on briefs, and the same have been fully considered by this Court.

The plaintiffs are residents of the state of Idaho. Defendant is a corporation created under the laws of the state of Colorado, and is currently doing business in Idaho. This Court has jurisdiction by virtue of 28 U.S.C.A. § 1332.

Plaintiffs are the surviving parents and heirs of Gene Viehweg, deceased, who was killed on June 15, 1954, as the result of an electrical shock suffered while riding on the roof of a building being moved along U. S. Highway 91 near Clearfield, Utah. In their amended complaint the plaintiffs allege that the deceased received the fatal injuries when he handled a wire belonging to defendant which was in close proximity to a high voltage line owned by the Utah Power and Light Company. The said amended complaint sets forth the fact that the Utah Power and Light Company paid $10,000 to plaintiff Adell Viehweg, and allows such sum as a set-off toward the total amount of damages claimed.

On November 15, 1954, the plaintiffs brought an action in this Court against the Utah Power and Light Company, a corporation, as defendant, in which they sought damages for the death of their son, Gene Viehweg, in the amount of $101,050. The jury rendered two verdicts, one in favor of plaintiff Adell Viehweg, and against the Utah Power and Light Company, for $10,000, and one in favor of the defendant Utah Power and Light Company, and against the plaintiff Lott Viehweg. Judgments were entered on the said verdicts, and the Utah Power and Light Company paid Adell Viehweg the sum of $10,000. Adell and Lott Viehweg executed a satisfaction of judgment under seal acknowledging full and complete satisfaction of the judgment entered in favor of Adell Viehweg, and also executed another sealed instrument, a release, which declared that the "Said parties to this action have agreed upon a full and complete settlement of all claims of every kind and character upon the payment of [$10,000]". The release did not contain a reservation of the plaintiffs' rights against other parties.

Defendant's motion for a summary judgment presents the issue of whether the satisfaction of judgment against the Utah Power and Light Company, and/or the execution of the release, bars the plaintiffs' claim against the Mountain States Telephone and Telegraph Company.

▮ The plaintiffs' amended complaint alleges that "the injury and death of Gene Viehweg was proximately caused by the concurrent negligence of the defendant and Utah Power & Light Co., a corporation". The majority rule is that where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concerted action. Ervin, v. Texas Co., 8 Cir., 97 F.2d 806, 808–809; Barker v. Kroger Grocery & Baking Co., 7 Cir., 107 F.2d 530, 532, certiorari denied 309 U.S. 656, 60 S.Ct. 471, 84 L.Ed. 1005; McClave v. Moulton, 10 Cir., 123 F.2d 450, 452; Red Top Cab & Baggage Co. v. Masilotti, 5 Cir., 190 F.2d 668, 670–

671; Southern Pacific Co. v. Raish, 9 Cir., 205 F.2d 389, 393; 38 Am.Jur., Negligence, § 257; 52 Am.Jur., Torts, § 112; 65 C.J.S., Negligence, § 102.

█ A judgment against one joint tort-feasor is no bar to an action against another tort-feasor. 3 Barron and Holtzoff, § 1192; see, also, United States v. Silliman, 3 Cir., 167 F.2d 607, 613, certiorari denied 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379. " * * * a judgment against one without satisfaction is no bar to an action against any one of the other wrongdoers." Sessions v. Johnson, 95 U.S. 347, 349, 24 L.Ed. 596, 597. The converse is true when there has been a satisfaction of a judgment recovered against one of several joint tort-feasors. The rule is stated in Eberle v. Sinclair Prairie Oil Co., 10 Cir., 120 F.2d 746, 748–749, 135 A.L.R. 1494, as follows:

"A person injured by a joint tort has a single and indivisible cause of action. He may proceed against the wrongdoers either jointly or severally and may recover a judgment or judgments against all, *but he can have but one satisfaction of his single cause of action.* * * *" (Emphasis added.)

In the Eberle case a leak developed in a gas line owned by Sinclair Prairie Oil Company, and Sinclair employed the McGeorge Corporation, a pipe-line service company, to repair the line. Eberle, an employee of McGeorge, Gray, foreman of the company, and two others undertook to repair the leak, and Eberle died as the result of an explosion which occurred during the prosecution of the work. Eberle's administratrix brought an action for his wrongful death against McGeorge and another, a fellow employee, in the district court of Seminole County, Oklahoma. The administratrix and the two defendants agreed to a settlement and compromise, but the plaintiff reserved her rights to proceed against others. The Seminole County court approved the settlement and reservation, and the suit was dismissed with prejudice as to the two tort-feasors, but

with the stipulation that it was not to prejudice the plaintiff's rights against others. The plaintiff then brought an action in the Seminole County court against Sinclair and Gray. The latter action was removed to the federal district court, which dismissed the suit on the ground that there had been a prior satisfaction of judgment against the other tort-feasors. The Court of Appeals affirmed the district court's dismissal of the action and stated, 120 F.2d at page 749:

"The court [the district court of Seminole County] by its judgment approved the compromise and settlement of the two causes of action and dismissed the action with prejudice. The judgment had the same effect as though it had been entered in favor of the administratrix for the stipulated amount and had then been satisfied upon the payment of that amount. Johnstone v. Chapman Timber Co., 79 Or. 674, 156 P. 286, 288. The effect of the settlement and compromise of the causes of action, the receipt of the sum stipulated, the judgment approving the compromise of the causes of action, and dismissing the action with prejudice was an extinguishment of the two single causes of action. The causes of action having been extinguished, the district court of Seminole County, Oklahoma, was powerless to reserve the right in the administratrix to prosecute another suit on the same causes of action against Sinclair and Gray."

See, also: Sessions v. Johnson, supra; Muise v. Abbott, D.C., 60 F.Supp. 561, 562; Garvin v. Osterhaus, D.C., 125 F. Supp. 729, 730; Adams v. Southern Pac. Co., 204 Cal. 63, 266 P. 541, 544–545, 57 A.L.R. 1066; Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, 642–644; Dawson v. Board of Education, 118 Utah 452, 222 P.2d 590, 593.

█ As the Court's jurisdiction in the instant case is based on diversity of citizenship, it must look to the law of Utah

851

in order to determine whether, under the allegations of the amended complaint, the defendant is a joint tort-feasor. " * * for purposes of diversity jurisdiction a federal court is 'in effect, only another court of the State.'" Guaranty Trust Co. of New York v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079, 160 A.L.R. 1231; Woods v. Interstate Realty Co., 337 U.S. 535, 538, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524.

■ Apparently the state of Utah has not laid down its own rule defining joint tort-feasors. Counsel for the respective parties have not directed this Court's attention to any Utah decisions on this question, and the Court's independent research has not unearthed any Utah cases precisely in point. In Dawson v. Board of Education, supra [118 Utah 452, 222 P.2d 592], as the plaintiff's complaint alleged that his injury was caused by the *joint and concurrent* negligence of the defendants, the Utah Supreme Court stated that "[t]he allegations of the complaint compel a holding that the two defendants were sued as joint tort-feasors, * * *" In the absence of a decision by the highest court of the state of Utah specifically defining joint tort-feasors, it seems reasonable to assume that the said court would, in the instant case, follow the rule adopted in the majority of jurisdictions, and hold that the defendant Mountain States Telephone and Telegraph Company is being sued as a joint tort-feasor.

■ In the prior action against the Utah Power and Light Company plaintiff Adell Viehweg recovered a judgment which was paid in full, and she and Lott Viehweg executed a satisfaction of judgment. The case at bar is based on the same claim. This claim was satisfied in full in the prior action, and the plaintiffs can proceed no further. They have recovered all the law permits. Dawson v. Board of Education, supra, 222 P.2d at page 592.

In view of the above, it is not necessary for this Court to determine the legal effect of the release executed by the plaintiffs in favor of the Utah Power and Light Company.

Accordingly, it is ordered that the motion of defendant for a summary judgment be, and the same is hereby, granted.