Francesco PILLO, a/k/a Francis Pillo,
v.
READING COMPANY.
Civ. A. No. 29948.

United States District Court
E. D. Pennsylvania.

April 23, 1964.

Manuel Steinberg, Philadelphia, Pa., for plaintiffs.

Frederick H. Knight, 3rd, Philadelphia, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel, for defendant.

HIGGINBOTHAM, District Judge.

Plaintiff, Francesco Pillo, an employee of defendant, Reading Company, was injured by a vehicle at a grade crossing where he was engaged in cleaning the tracks of defendant-railroad. After instituting a trespass suit against the driver and his employer in the state court system,[1] plaintiff received a judgment of $25,951.56 which was satisfied. Plaintiff now brings an action against the railroad under the Federal Employers' Liability Act (FELA)[2] claiming damages for the same injuries for which he received compensation in the state court.

Defendant has moved for summary judgment on the ground that satisfaction of the prior judgment bars recovery in the present suit.

Both counsel concede that the federal law on the conclusiveness of judgments governs this question.[3] There also appears to be no special reason inherent in the basic policy of the FELA which requires a deviation from the general law on the subject.

■■■ It is hornbook law that a satisfied judgment against one co-obligor or joint tortfeasor bars suit against others jointly responsible for the same injury. Sessions v. Johnson, 95 U.S. 347, 24 L. Ed. 596 (1877); Lovejoy v. Murray, 3 Wall. 1, 70 U.S. 1, 18 L.Ed. 129 (1865); McPherson v. Amalgamated Sugar Co., 271 F.2d 809 (9th Cir. 1959); Eberle v. Sinclair Praire Oil Co., 120 F.2d 746,

---

1. The verdict against the employer of the driver was affirmed by the Pennsylvania Supreme Court in Pillo v. Mohan, et al., 410 Pa. 417, 189 A.2d 850 (1963).

2. 45 U.S.C. § 51.

3. Language in Panichella v. Pennsylvania R. R. Co., 268 F.2d 72, 75 (3rd Cir. 1959), cert. denied 361 U.S. 932, 80 S. Ct. 370, 4 L.Ed.2d 353 (1960), strongly indicates that the extinguishment of a right created by federal law should be determined by federal law.

135 A.L.R. 1494 (10th Cir. 1941); Annot., 166 A.L.R. 1099, 1100 (1947); 52 Am.Jur.Torts § 131 (1944). This rule is predicated upon the equitable theory of unjust enrichment which forbids greater recovery than the loss or injury sustained. Thus it is said that an injured party may have but one satisfaction. McPherson v. Amalgamated Sugar Co., supra; Muise v. Abbott, 60 F.Supp. 561 (D.Mass.1945); Thompson v. Fox, 326 Pa. 209, 192 A. 107, 112 A.L.R. 550 (1937) (H. Stern, J.)

Against this fundamental rule of damages, plaintiff attempts to draw a distinction between joint tortfeasors and concurrent tortfeasors whose successive acts combine to produce one indivisible injury. The Restatement of Torts does not make such a distinction and it would be illogical to do so in this case. Section 886 of the Restatement of Torts states that " * * * satisfaction of a judgment against one of several persons each of whom is liable for a single harm discharges each of the others from liability therefor." Accord, Restatement, Judgments § 95 (1942). Absent satisfaction there is no question that the allegations of plaintiff's complaint, if proven, would as a matter of tort law make defendant, the concurrent tortfeasor, liable for the same harm which was sued upon in the state court. Kendrick v. Piper Aircraft Corp., 265 F.2d 482 (3rd Cir. 1959); Southern Pac. Co. v. Raish, 205 F.2d 389 (9th Cir. 1953); Chadwick v. Popadick, 390 Pa. 511, 136 A.2d 87 (1957). If this second action is allowed, therefore, plaintiff would be given the opportunity of receiving double compensation for the same loss—a result contrary to the Restatement rule and the unjust enrichment rationale discussed above. This would be true regardless of whether the relationship between the tortfeasors is joint or concur-

rent and hence such distinction is without merit. See Viehweg v. Mountain States Tel. & Tel. Co., 141 F.Supp. 848 (E.D.Idaho 1956); Gentry v. Jett, 173 F.Supp. 722 (W.D.Ark.1959), aff'd 273 F.2d 388 (8th Cir. 1960); Willoughby v. Sinclair Oil & Gas Co., 89 F.Supp. 994 (W.D.Okl.1950); Hilbert v. Roth, 395 Pa. 270, 149 A.2d 648 (1959); Thompson v. Fox, supra. Cf. Muise v. Abbott, 60 F.Supp. 561 (D.Mass.1945).

Plaintiff relies solely on Husky Refining Co. v. Barnes, 119 F.2d 715, 134 A.L.R. 1221 (9th Cir. 1951) which held that a *release* of one concurrent tortfeasor is not a bar to suit against the other. There is a significant distinction between a release and plaintiff's satisfied judgment. As Prosser and Harper and James point out, some courts treat releases differently because of the possibility that they may have been executed for inadequate consideration. Prosser Torts § 46 at 243 (1955); Harper & James, Torts § 10.1 at 711 (1956). This justification, however, is ill-founded in the instant case where plaintiff has had his day in court and has presumably received full compensation.[4] Furthermore, the Husky case was impliedly disapproved, if not overruled, by Panichella v. Pennsylvania R. R. Co., 268 F.2d 72, 75 (3rd Cir. 1959),[5] wherein the Court of Appeals reversed a district court decision [6] which held that a release is not a bar in a concurrent tortfeasor type situation.

At oral argument, counsel for plaintiff suggested that suit be permitted on the condition that the amount of the prior satisfaction be deducted from any verdict obtained. No cases were cited for this proposition. Such a procedure, if permitted, would encourage litigation to be never-ending with dissatisfied claimants always seeking another verdict in the

---

4. The Husky case may fall within the general rule "that there can be but one satisfaction" on the theory that some releases do not constitute full satisfactions. See Harper & James, Torts, § 10.1 at 710–11 (1956).

5. Cert. denied, 361 U.S. 932, 80 S.Ct. 370 (1960).

6. 167 F.Supp. 345 (W.D.Pa.1958). The lower court's reliance upon the Husky decision is criticized in 23 NCAA Law Journal 206–12 (1959).

hope that subsequent verdicts will, like inflation, always spiral upward the second or third time around.

Since there is no genuine issue of material fact upon which defendant's motion hinges,[7] summary judgment is granted.

7. Plaintiff has not contended—nor does it appear from the record that he could contend—that the damages sought in the second action are substantially different than those recovered in the first suit.

