## GREEN v. LANG CO., Inc. et al.

No. 7262.   Decided May 31, 1949.   (206 P. 2d 626.)

See 45 Am. Jur. 677; 53 C. J., Release, sec. 70.  Release of one tort feasor as affecting liability of others, note, 50 A. L. R. 1057.

*Willard Hanson, Stewart M. Hanson,* Salt Lake City, for appellant.

*Stewart, Cannon & Hanson* and *Roberts & Roberts,* Salt Lake City, for respondents.

WADE, Justice.

Arnie R. Green, who is the appellant herein, commenced this action against the Lang Company, Inc., Leonard Chipman Livestock Company, Julian Clawson, Sr., and Julian Clawson, Jr., for injuries received when a truck wheel fell off a truck being driven by Julian Clawson, Jr., a young boy 15 years of age and the son of Julian Clawson, Sr.,

the president of the Leonard Chipman Livestock Company. Appellant alleged in his complaint that the wheel had been carelessly and negligently placed in the truck without properly securing it by employees of the Lang Company who, during the course of their employment, had loaded the truck with iron casings which had been sold by the Lang Company to the Leonard Chipman Livestock Company, and as a result of such improper placing of said wheel upon the truck it fell off and injured him. Appellant also alleged that the injury was caused by the driving of the truck at a dangerous rate of speed in view of the existing conditions by an unlicensed driver who was acting as the agent of the livestock company.

The day before the case came on for trial, appellant agreed to accept $1250 from the Lang Company to forbear suing it for the injury complained of in the complaint and thereafter dismissed his suit against that defendant. The case was tried before the court sitting without a jury, who found the issues in favor of plaintiff and granted him a judgment of $3030 against all the remaining defendants but deducted therefrom the sum of $1250 which appellant had received upon a covenant not to sue the Lang Company.

The only question before this court is: Did the court err in deducting the amount received by appellant for his covenant not to sue one of the defendants and dismissing his action as to it?

Sec. 47-0-3, U. C. A. 1943, provides that:

"The amount or value of any consideration received by the obligee from one or more of several obligors, or from one or more of joint or of joint and several obligors, in whole or in partial satisfaction of their obligations shall be credited to the extent of the amount received on the obligation of all coobligors to whom the obligor or obligors giving the consideration did not stand in the relation of a surety."

And by Sec. 47-0-1, U. C. A. 1943, the obligor includes a person liable for a tort and the obligee a person having a right based on a tort.

Appellant contends, however, that this section does not apply because the defendant who paid $1250 for the agreement that it would not be sued was actually not liable for the injury sustained by appellant because its negligence, if any, was not the proximate cause of said injury, and, that being so, it was not a joint tort-feasor, and therefore any payment it made under such a covenant was not deductible from the entire amount found to be due.

It is well established that there can be but one satisfaction for injuries sustained in one wrong. See *Greenhalch* v. *Shell Oil Company*, 10 Cir., 78 F. 2d 942, 45 Am. Jur. Release, Sec. 4, Page 677, and *Jacobsen* v. *Woerner*, 149 Kan. 598, 89 P. 2d 24. In the *Jacobsen* v. *Woerner* case, the jury found that the defendant in a tort action who was the recipient, for a consideration, of a covenant from the plaintiff not to sue was not negligent. The court in holding that it was error not to reduce the judgment received by the plaintiff against the other defendant by the amount received for the consideration of the covenant not to sue, said on page 28 of 89 P. 2d:

"When a right of action is once satisfied it ceases to exist. If part satisfaction has already been obtained, further recovery can only be had of a sum sufficient to accomplish satisfaction. It is not necessary that the party making payment in partial satisfaction was in fact liable. Anything received on account of the injury inures to the benefit of all and operates as a payment pro tanto. The plaintiff is entitled to only one satisfaction from whatever source it may come."

In the instant case appellant accepted a substantial sum from the Lang Company in consideration for his promise not to sue it for the injuries sustained in the accident. Having done so, he cannot now claim that its negligence, if any, in any way contributed to his injuries. It ill becomes one who has forced another to pay him damages for injuries he has received to argue that he did so in bad faith. As stated in *Cleveland, C., C. & St. L. R. Co.* v. *Hilligoss,* 171 Ind. 417, 86 N. E. 485, on page 488, 131 Am. St. Rep. 258:

"* * * with reference to the releasor and releasee, it may be said that the courts will not permit one who has suffered a wrong to profit by the fears of those who occupy a position to subject them to suspicion of being the wrongdoers, and who are willing to buy their peace rather than run a risk at law. One who compromises a claim does not necessarily admit that the claim was well founded, but the one who receives the consideration is precluded from denying that it was. * * *"

Although there is a line of cases as shown in the notes on Tort-Feasors, 50 A. L. R. page 1093 to 1096, that hold that a release or satisfaction by one not shown to be a joint wrongdoer will not discharge others who are liable, we believe the better reasoned cases and the ones which are more equitable and just, are those cited commencing on page 1096 of this annotation, wherein the courts have held,

"* * * to the view that, from whatever source compensation for an injury is accepted, it will operate as a satisfaction, so that in equity and good conscience the law will not permit the party so compensated to recover again for the same injury; that the validity of the release is in no way dependent upon the validity of the claim, and therefore, whether the person from whom the satisfaction came was or was not legally liable is immaterial."

It follows from what we have said that the court having found as a matter of fact that appellant sustained both general and special damages in the sum of $3030, it did not err in deducting from this amount the sum appellant had previously collected from the Lang Company in consideration for his promise not to sue them for these same injuries.

Affirmed. Costs to respondents.

PRATT, C. J., and WOLFE, LATIMER, and McDONOUGH, JJ., concur.