## DAWSON v. BOARD OF EDUCATION OF WEBER COUNTY SCHOOL DIST. et al.

No. 7391. Decided October 2, 1950. (222 P. 2d 590)

See 50 C. J. S., Judgments, Sec. 761. Effect of discharge of joint feasor, 166 A. L. R. 1099. See, also, 31 Am. Jur. 357.

*Lewis J. Wallace, M. Blaine Peterson,* Ogden, for appellant.

*Sam C. Powell,* Ogden, and *Skeen, Thurman & Worsley,* Salt Lake City, for defendants.

*Stewart, Cannon & Hanson,* Salt Lake City, for respondent.

LATIMER, Justice.

The plaintiff commenced this action in the court below to recover from the Board of Education of Weber County

School District, W. Ed Bingham and Guy Elias Carr the damages suffered by him by reason of the unlawful death of his nine-year-old son. The trial judge sustained a demurrer filed by the Board of Education of Weber County School District, it was eliminated as a party, and the cause proceeded to trial against the two remaining defendants.

. The basis of the complaint is that the two personal defendants negligently operated their respective vehicles and their negligent driving was responsible for the death of the minor. The allegations of the complaint enumerate the specific acts of negligence of each defendant and then plaintiff alleges that by reason of the joint and concurrent negligent operation of the school bus by the defendant Bingham and the negligent operation of the automobile by the defendant Carr, the injuries were inflicted upon the child and his death resulted. Special elements of damages are alleged together with a specified sum for general damages.

Briefly stated, the facts as alleged are these: That on the 7th day of May, 1948, the minor was a passenger in the school bus owned by the defendant school district and driven by the defendant Bingham; that about 4:20 p.m. on that date the bus was stopped on highway U-38 at or near the intersection of 4800 South Street in Weber County, Utah; that when the bus stopped the minor child alighted, walked around the front end of the bus, and started across highway U-38 in a westerly direction; that the defendant Carr was driving his car in a northerly direction along the highway and, as he was passing the bus, ran into and critically injured the child; that on the next day the child died as a result of the injuries suffered.

The cause was tried before a jury and two verdicts returned, one in favor of the defendant Bingham and against the plaintiff; and the other in favor of the plaintiff and against the defendant Carr in the amount of $5,000.00 di-

vided into $579.00 special damages, and $4,421.00 general damages.

Both defendant Carr and plaintiff filed motions for new trials. Plaintiff chose to limit his application for a new trial to the verdict of the jury in favor of defendant Bingham and against himself. These motions were denied by the court and plaintiff concluded to appeal from the judgment in favor of defendant Bingham. Some three days prior to the time notice of appeal was filed, defendant Carr paid the amount of the judgment and costs and a satisfaction was filed with the clerk of the court. The instrument, as executed and filed, was in the following words:

"Comes now the above-named plaintiff, and M. Blaine Peterson and Lewis J. Wallace, the attorneys of record for plaintiff in the above-entitled action and acknowledge full and complete satisfaction of the judgment, including costs and interest assessed in the trial of said cause, made and entered herein in favor of said plaintiff, and against the above-named defendant, Guy Elias Carr, on February 2, 1949, and hereby direct and authorize the Clerk of the Court to fully satisfy of record said judgment, including costs and the whole thereof; Provided, however, that the above-named plaintiff and the undersigned attorneys for plaintiff hereby expressly reserve all rights, rights of action, rights of appeal and re-trial, and claims and demands of every kind and character whatever against the above-named defendant, W. Ed. Bingham, there being no intention in this satisfaction of judgment to release or satisfy any claim or right of any kind whatever against the said defendant, W. Ed Bingham."

The plaintiff perfected his appeal and the defendant Bingham filed a motion to dismiss in this court on the grounds that the satisfaction of the judgment terminated the litigation and rendered all other questions moot. We dispose of the appeal on the motion as it is well taken.

A person injured by a joint tort has a single and indivisible cause of action. In the case of *Green* v. *Lang Co., Inc., et al.,* 115 Utah 528, 206 P. 2d 626, 627, Mr. ■ Justice WADE, speaking for this court, passed on a similar principle and announced the rule in this jurisdiction in the following language:

"*It is well established that there can be but one satis-*

*faction for injuries sustained in one wrong.* See *Greenhalch v. Shell Oil Company,* 10 Cir., 78 F. 2d 942, 45 Am. Jur. Release, Sec. 4, Page 677, and *Jacobsen v. Woerner,* 149 Kan. 598, 89 P. 2d 24. In the *Jacobsen v. Woerner* case, the jury found that the defendant in a tort action who was the recipient, for a consideration, of a covenant from the plaintiff not to sue was not negligent. The court in holding that it was error not to reduce the judgment received by the plaintiff against the other defendant by the amount received for the consideration of the covenant not to sue, said on page 28 of 89 P. 2d:

" *'When a right of action is once satisfied it* ceases to exist. If part satisfaction had already been obtained, further recovery can only be had of a sum sufficient to accomplish satisfaction. It is not necessary that the party making payment in partial satisfaction was in fact liable. Anything received on account of the injury inures to the benefit of ·all and operates as a payment pro tanto. The plaintiff is entitled to only one satisfaction from whatever source it may come.' " (Emphasis added.)

Having a single cause of action against more than one tort feasor, an injured party may proceed against the wrongdoers either jointly or severally and he may recover judgment or judgments against one or all, ■ but he can have but one satisfaction of the cause of action. If the cause has been satisfied in full, the injured party can proceed no further. He has recovered all the law permits.

The allegations of the complaint compel a holding that the two defendants were sued as joint tort-feasors, as plaintiff alleged his injury was caused by the joint and concurrent negligence of both. The jury did ■ not adopt this theory as it found the defendant Bingham was not at fault, but this does not aid the plaintiff. The jury's finding resulted in a verdict to the effect that Carr alone was responsible for the damage sustained, but in addition to this finding, the jury made a specific finding that regardless of fault, plaintiff had suffered damages in the amount of $579.00 for special damages and

$4,421.00 for general damages, and no more. The total of these two sums is the total amount plaintiff could recover against both of the defendants had both been liable. Any uncertainty as to the amount of his loss was made certain by the judgment and so no contention can be made that a part payment only was received. A judgment rendered against one of two or more joint tort feasors is a conclusive determination of the measure of damages until or unless reversed on appeal. The plaintiff made no contention in the court below that the damages were inadequate insofar as the defendant Carr was concerned. He might have sought a new trial on the grounds of the inadequacy of the damages and appealed to this court from the insufficiency had he been dissatisfied with the ruling. He did not, however, choose to follow that course, but rather elected to accept payment of the full amount the jury had found he had suffered. That constituted full compensation and extinguished his cause of action. As mentioned in the question from *Green* v. *Lang Co.*, supra, there can be but one satisfaction for injuries sustained for one wrong.

There are a number of cases from other jurisdictions which announce principles in keeping with this rule. We quote from only two.

In the case of *Eberle* v. *Sinclair Prairie Oil Co.*, 120 F. 2d 746, 749, 135 A. L. R. 1494, the United States Circuit Court of Appeals, 10th Circuit, held that the action of the trial court in entering a summary judgment and dismissing an action against one joint tort feasor, because of a satisfaction of judgment against the others was proper. The facts were quite similar to those in the case at bar. There, the plaintiff and two of the joint tort feasors agreed to a settlement and compromise, but the plaintiff reserved her rights to proceed against others. She obtained the approval of the settlement and the reservation by the District Court of Seminole County, Oklahoma. Thereupon,

the suit which had been instituted was dismissed with prejudice as to the two tort feasors, with the stipulation that it was not to prejudice plaintiff's rights to proceed against others. The court there said:

"The effect of the settlement and compromise of the causes of action, the receipt of the sum stipulated, the judgment approving the compromise of the causes of action, and dismissing the action with prejudice was an extinguishment of the two single causes of action. The causes of action having been extinguished, the district court of Seminole County, Oklahoma, was powerless to reserve the right in the administratrix to prosecute another suit on the same causes of action against Sinclair and Gray."

In the case of *Cain* v. *Quannah Light & Ice Company*, 131 Okl. 25, 267 P. 641, 644, the Supreme Court of Oklahoma held that there can be but one satisfaction and that acceptance of payment in full on a judgment against one of several joint wrong-doers bars further prosecution of actions for the same injury against others. In that case the court reviewed a number of authorities from the other jurisdictions and in the cited authorities the same principle is announced. Mr. Justice HERR, speaking for that court, stated:

"The plaintiff, having no legal right to split her cause of action, the court by its judgment could not legally grant such right, if, in fact, it so intended. It must be borne in mind that it is not the rendition of the judgment that operates as a bar, but it is the satisfaction thereof. If the court, by its judgment, intended to reserve to the plaintiff the right to proceed against this defendant, after full and complete satisfaction of the judgment, this portion of the judgment would be inoperative as beyond the power of the court to render. Plaintiff, having by her first suit claimed her entire damage to be $7,500, and having recovered judgment for the same and received payment in full satisfaction thereof, is now barred from maintaing this action against the defendant."

Other authorities are in agreement as to the general rule. Restatement of the Law of Torts, Vol. 4, Section 886, states the following principle:

"Discharge or satisfaction of a judgment against one of several persons, each of whom is liable for a single wrong, discharges each of the others from liability therefor."

In American Jurisprudence, Vol. 31, Paragraph 873, the rule is stated in the following language:

"The general rule is that actual payment of a judgment in full to a person authorized to receive it operates as a discharge thereof whether the payment is made by the judgment debtor himself or by one of several judgment debtors, or by another in his behalf. This rule prevails at law."

In order to escape the effect of these authorities, plaintiff contends that his intention was not to give a complete and full satisfaction, but that the instrument was intended as a covenant not to sue. It is inappropriate to treat a satisfaction of judgment in that light. Plaintiff might have entered into a covenant not to sue prior to the time the suit was instituted or he might have made some reservation of his rights had he not elected to satisfy the judgment. In a true covenant not to sue, the amount of damages is uncertain, the party does not intend to fix the loss by the agreement, and full satisfaction for the damages suffered is not admitted. When, however, the issue has been submitted to a jury and the damages ascertained, the sum is certain, and the acceptance of the amount leaves nothing owing by other tort feasors and nothing to reserve.

Appellant calls our attention to Section 47—0—4, U. C. A. 1943, which is as follows:

"Subject to the provisions of section 47—0—3, the obligee's release or discharge of one or more of several obligors, or of one or more of joint and several obligors, shall not discharge co-obligors against whom the obligee in writing and as part of the same transaction as the release or discharge expressly reserves his rights; and in the absence of such a reservation of rights shall discharge co-obligors only to the extent provided in section 47—0—5."

This section is of no help to plaintiff. We need not try to reconcile some of the conflicting provisions found in the various sections of our statute dealing with obligees and obligors. The jury returned a verdict in which ■ it determined that Carr was the sole tort feasor, and that plaintiff had been damaged in the sum of $5,000. Regardless of Bingham's liability, the amount of damages had been fixed. Payment in full satisfies the judgment

and there were no rights to any sums over and above that amount. The quoted section presupposes that there are rights which can be reserved.

The appeal is dismissed. Costs to respondent.

PRATT, C. J., and WADE, WOLFE, and McDONOUGH, JJ., concur.