421 F.2d 255
 Lorraine Kimball BLACK, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant, and Philco
Distributors, Inc., Defendant-Appellant.
Lorraine Kimball BLACK, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant, and Philco
Distributors, Inc., Defendant.
 Nos. 65-69, 66-69.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1970.
 
 Ray R. Christensen, of Christensen & Jensen, Salt Lake City, Utah, for defendant-appellant, Philco Distributors, Inc.
 Patricia S. Baptiste, Dept. of Justice, Washington, D.C. (William D. Ruckelshaus, Asst. Atty. Gen., Washington, D.C., C. Nelson Day, U.S. Atty., Salt Lake City, Utah, and Morton Hollander, Dept. of Justice, Washington, D.C., were with her on the brief) for defendant-appellant, the United States.
 Max K. Mangum, of Mulliner, Prince & Mangum, Salt Lake City, Utah, for plaintiff-appellee, Lorraine Kimball Black.
 Before LEWIS and HILL, Circuit Judges, and LANGLEY, District Judge.
 LEWIS, Circuit Judge.
 
 
 1
 This case arose in the District of Utah as an action for damages for personal injuries sustained by Mrs. Black (plaintiff) occasioned by the negligence of the co-defendants Philco Distributors, Inc. (Philco) and the United States. Jurisdiction was premised on diversity of citizenship in regard to Philco and the claim against the United States was asserted under the Tort Claims Act, 28 U.S.C. 1332, 1346(b), 2674. Philco cross-claimed against the United States for judgment equivalent to the amount of any judgment that might be entered against Philco in favor of plaintiff. The causes alleged were tried to a jury acting as the fact finder on the Philco issues and in an advisory capacity regarding the claim against the United States. The issues were submitted to the jury through twelve special interrogatories agreed to by the parties under Fed.R.Civ.P. 49(a). Such complications as these appeals present are triggered by the response of the jury to these interrogatories when complemented by the findings and conclusions of the trial court and its subsequent orders.
 
 
 2
 In 1966, plaintiff lost an arm while using a clothes drying machine known as a Bock extractor which was owned and operated by the United States as part of a laundry facility located at Dugway Proving Grounds in Utah. The machine was designed to spin-dry clothes, without heat, through the centrifugal force of mechanical revolution exerted at about 1800 revolutions per minute. When properly installed, the machine would operate automatically. After clothes were placed in the extractor's basket, the mechanism would start by the closing of the lid, continue through a three-minute cycle of clockwise spin after which the motor would shut off, the basket brake to a stop, and the lid then open. In installing this particular machine, employees of the United States had, by reverse wiring, caused the machine to spin counter-clockwise. This malfunction made the braking mechanism inoperative and the clothes basket would continue to spin at a high rate of speed after the motor had shut off and the lid had automatically opened. Friction would cause the basket to stop about 49 seconds later. Plaintiff lost her arm when, after the lid automatically opened, she placed her hand under the lid and it became entangled in the spinning clothes.
 
 
 3
 Philco had sold the machine to the United States after a repossession from the original owner and operator at Dugway. Philco had never taken actual possession of the property and the change in ownership and resale to the United States had not changed the location or use of the machine.
 
 
 4
 The responses of the jury to the interrogatories submitted to them after exposure to the general evidentiary background that we have set out may be summarized. The jury replied that the United States had been negligent in both the installation and operation of the drying machine and that such negligence had caused the injury to plaintiff; that Philco had not been negligent and had not caused the accident; that Philco was aware that the machine would be used by the public; that the machine was in a defective operating condition when sold; that plaintiff was negligent but her negligence was not a proximate cause of her injury; that plaintiff did not assume the risk of her injury; that plaintiff had been damaged in the sum of $40,000.
 
 
 5
 The findings and conclusions of the trial court may be similarly summarized. The court found that the United States was negligent and its negligence had caused the injury; that plaintiff was not contributorily negligent; and that plaintiff had been damaged in the amount of $60,000.
 
 
 6
 Thus it appears that upon considering the same evidence the two fact finders, court and jury, differed in two regards: the jury found plaintiff to have been negligent and determined her damage to be $40,000; the court found plaintiff to be free of negligence and assessed her damage at $60,000.
 
 
 7
 After review of the jury's responses of the interrogatories the trial court concluded that the answers were not inconsistent with imposing liability upon Philco under the doctrine of strict liability[1] and entered judgment in favor of plaintiff and against Philco for $40,000. The court also determined that Philco was entitled to judgment over against the United States on its cross-claim and entered a judgment of complete indemnity in that respect. The case was concluded by a separate judgment entered in favor of plaintiff and against the United States for $60,000. Both the United States and Philco have appealed from the separate judgments granted plaintiff but the United States did not perfect an appeal from the judgment of indemnity granted Philco.
 
 
 8
 The appeal of the United States presents but a single issue for our consideration. Claim is made that the court was clearly erroneous in finding that plaintiff was not contributorily negligent and that under the evidence her negligence must be found to exist as a matter of law. The position of the United States, in simple sum, is that a reasonably prudent person simply does not place a hand within the confines of moving machinery. The initial persuasiveness of this argument is apparent as a basic rule of safety but does not dictate a result in this case. The trial court recites ample evidentiary facts to support its ultimate finding. Therefore the court's analysis of the evidence needs no rewording to show that the finding is well within the province of the fact finder and so not clearly erroneous under Rule 52(a). Referring to the fact that the subject machine was proclaimed to the public to be 'fully automatic' through three printed signs the trial court stated:
 
 
 9
 Under all of the circumstances, plaintiff's action in placing her hand into the Bock Extractor did not constitute negligence on her part. The extractor revolving in the wrong direction with unapparent force and potential despite the inferences by sign and otherwise that it was automatically rendered safe when the lid came up was in the nature of a trap. Its long continued operation in that condition, with the general acceptance that its operation was normal and proper, invited no notice or concern with danger after the lid came up. It is also notable that out of the large number of people who used or were around the machine while in such defective condition over a long period of time only one or two, so far as the evidence shows, ever recognized the danger which was latent and deceptive. The plaintiff as found by the jury was unaware of any risk in placing her hand in the extractor and as further found by the jury the machine, indeed, was unreasonably dangerous; it involved danger that would not necessarily be avoided by the use of reasonable care. The momentary and not unnatural impulse to touch the revolving blanket which in view of the unfortunate result now appears in retrospect so portentious was at the time not inconsistent with reasonable care on the part of the plaintiff in view of all of the circumstances reasonably assumed and apparent to her.
 
 
 10
 We conclude that the court did not err in imposing liability on the United States.
 
 
 11
 The appeal by Philco presents three questions of substance: Is the doctrine of strict liability recognizable under the law of Utah? If so, is the doctrine applicable under the facts of this case? If recognizable and applicable, is Philco insulated from liability through the intervening and wrongful acts of the United States?
 
 
 12
 To determine the answer to each of these issues it is necessary to apply the substantive law of Utah as found in the statutory and case law of that state. Counsel for Philco and plaintiff each state that no precedent of any kind exists under the Utah law that serves as a persuasive guideline. Plaintiff's counsel, in his briefs, states it thus: 'Like Philco's, our research has also failed to disclose a single case decided by the Utah Supreme Court where the issue of strict liability as announced in the Restatement of the Law of Torts, 2d, section 402A, has been presented to it for determination.'
 
 
 13
 Traditionally and properly federal courts are reluctant to decide questions of first impression in the interpretation and application of state substantive law in diversity jurisdiction cases. In the case at bar, although the issues of the Philco appeal are not subject to the courtesy of abstention and are moot only in practical legal effect, still we consider it unnecessary and certainly undesirable to advance a foreguess as to how the Utah Supreme Court would decide the issues were they presented to that high court. Our conclusion in this regard is completely limited by the unusual circumstances attending this case.
 
 
 14
 During the course of oral argument, counsel for Philco indicated that in the then posture of the case[2] he did not consider his appearance mandated by the financial interests of his client. This was so, of course, because Philco was in a break-even position regardless of the outcome of the appeal by the United States. Counsel's statement was necessarily premised on a complete acceptance of the financial responsibility of the United States. We think this court can similarly and judicially accept this premise. It follows that Philco is not and cannot be prejudiced by the imposition of liability adjudged in this particular case and that to decide the controlling issues presented would serve no purpose other than to expound academic views into a field of state law that would serve as no controlling precedent. We think it more desirable to await guidance from the Utah Supreme Court under these circumstances and thus we express no opinion regarding the legal principles presented by Philco's appeal.
 
 
 15
 As we have earlier indicated, the two fact finders in this case determined different amounts to be completely compensable to plaintiff for her injury. Each determination purported to reflect assessments for total damage occasioned to plaintiff and separate judgments have been entered in accord with the respective findings of the trier of fact. The form of these judgments carries with it the possibility of confusion as to the total amount recoverable jointly and severally against the United States and Philco, for if each judgment were pursued separately plaintiff's recovery would be $100,000. Plaintiff has but one cause of action against two tortfeasors for the same injury and the judgments should clearly limit her total recovery to the sum of $60,000. See Green v. Lang Co., 115 Utah 528, 206 P.2d 626; Dawson v. Board of Education, 118 Utah 542, 222 P.2d 590.
 
 
 16
 The case is remanded to the trial court with directions to enter a curative judgment limiting total recovery to the sum of $60,000 and is in all other respects
 
 
 17
 Affirmed.
 
 
 
 [1]
 Restatement Torts, Second 402A states:
 (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if,
 (a) the seller is engaged in the business of selling such a product, and
 (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although
 (a) the seller has exercised all possible care in the preparation and sale of his product, and
 (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.
 Contributory negligence is a limited defense. See, Restatement, supra, note (n).
 
 
 [2]
 The United States had originally appealed from the judgment of indemnity entered in favor of Philco and against the United States. This aspect of the case was abandoned in the docketing statement and was not presented by brief or argument