**Lorraine Kimball BLACK et al., Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellee, and**

**Philco Distributors, Inc., et al., Defendant-Appellant.**

**No. 423–70.**

United States Court of Appeals, Tenth Circuit.

June 22, 1971.

---

Ray R. Christensen, Salt Lake City, Utah, for defendant-appellant.

Max K. Mangum, Salt Lake City, Utah, for plaintiff-appellee.

Raymond D. Battocchi, Washington, D. C., (L. Patrick Gray, III, Asst. Atty. Gen., C. Nelson Day, U. S. Atty., Robert V. Zener and Patricia S. Baptiste, Attys., Dept. of Justice, Washington, D. C., on the brief), for defendant-appellee.

Before HILL and McWILLIAMS, Circuit Judges, and BRATTON, District Judge.

HILL, Circuit Judge.

This is the second time this case has been here upon appeal. Black v. United States, 421 F.2d 255 (10th Cir. 1970).

The facts are fully set out in the prior opinion and will be referred to here only insofar as they will aid resolution of the issues now before us. Originally Black's claim against Philco was tried to a jury, and the claim against the United States was tried to the court with the same jury acting in an advisory capacity. However, the cross-claim of Philco against the United States was apparently tried exclusively to the court. The seeming inconsistencies in the judgments on these various claims provide the basis for this appeal.

In practical effect, the jury found that Black, because of personal injuries, had been damaged to the extent of $40,000 and judgment was entered against Philco in that amount, "together with her costs taxed herein with interest thereon at the rate of eight per cent per annum from the date hereof until paid." In the Tort Claims part of the case, the trial court thereafter found and concluded that Black, because of her personal injuries, was damaged in the amount of $60,000 and awarded judgment in that amount against the United States, "together with her costs as taxed herein with interest thereon as provided by law." On the cross-claim, the court granted Philco judgment against the United States in the amount of $40,000, "together with interest as provided by law, plus the amount of plaintiff's taxable costs in the sum of $460.38." Thereafter, Philco and the United States appealed the judgments rendered against them. In those appeals, the United States contested the trial court's finding that Black was not contributorily negligent, and Philco principally litigated the application of the doctrine of strict liability. As reflected by the opinion, the court rejected the legal contentions of both appellants and affirmed all of the judgments appealed from, but made clear, by clarification, that Black's total recovery was limited to the amount of the larger of the two judgments recovered by her.

The opinion in the former appeal was not intended to change or affect the payment of costs and interest by the United States and Philco from what was clearly provided in the judgments appealed from. That opinion was also not intended to affect the liability of the United States to Philco on the latter's cross-claim.

After remand, Philco filed a Motion to Amend Judgment to include therein a provision expressly providing that Philco have a judgment against the United States in the amount of $40,000, together with interest thereon at the rate of eight per cent per annum from the date of judgment to the date of payment, plus both the plaintiff's taxable costs and Philco's taxable costs. Upon the hearing of this motion, and on March 25, 1970, the court entered an order amending the Amended Judgment by the following insertion: "The total recovery herein is limited to $60,000, together with interest and costs as hereinabove provided." The court then denied Philco's motion to amend the judgment. According to the government's brief, the transcript of the judgment in this case was filed in accordance with 31 U.S.C. § 724a on April 27, 1970, and payment of the judgment was effected shortly thereafter. The above statute provides, among other things, that on judgments against the United States in amounts under $100,000, no interest accrues until after the judgment on appeal has become final and a transcript of the judgment has been filed in the General Accounting Office. Therefore, in any event, the government could not be liable for interest on either the Black judgment or Philco judgment until April 27, 1970. The trial court apparently had this section of the statute in mind when he entered the judgment on Philco's cross-claim against the United States and provided for interest on that judgment "as provided for by law."

On May 25, 1970, the record shows a Satisfaction of Judgment Against the United States was filed in the trial court by Black and her attorney, acknowledging receipt of the amount of $60,698.76 as a satisfaction of judgment

against the United States and expressly providing that the same was a partial satisfaction of judgment against Philco. On June 2, 1970, Philco filed a Motion for Relief Under Rule 60(b) (5). In this instrument, Philco contended that by the payment on behalf of the United States to Black as set out in the satisfaction of judgment, Black's judgment against Philco became fully satisfied and Philco was entitled to be discharged from the Black judgment. On June 18, 1970, the court heard the motion and denied the same. On July 8, 1970, Philco filed its notice of appeal from the order of the court of March 25, 1970, denying Philco's motion to amend judgment, and from the court's order of June 8, 1970, denying Philco relief under Rule 60(b) (5).

Appellant Philco raises two questions by this appeal, (1) whether the cross-claim judgment requires the United States to indemnify Philco for the eight per cent interest Philco must pay to Black upon her $40,000 judgment against Philco, and (2) whether the government's payment of $60,698.76 to Black operated as a complete satisfaction and discharge of Black's judgment against Philco.

■■■ The first contention arises from the March 25, 1970, denial of Philco's motion to further amend the original judgment. The government first argues that the appeal from that order was untimely taken because the notice of appeal was filed more than sixty days after the entering of the order. The point is well taken, because the record clearly shows that the notice of appeal was filed on July 8, 1970. However, a brief comment on this point may be in order. By the prior opinion, this court affirmed the final amended judgment of the trial court in all respects, and by that opinion only clarified the same by expressly limiting Black's recovery to the amount of the larger of the two judgments recovered by her. That opinion was not intended to change or affect the payment of costs and interest by ei-

ther the United States or Philco as provided in the amended final judgment. That opinion was also not intended to affect the liability of the United States to Philco on the latter's cross-claim. Upon remand, the trial court, as directed by the opinion, amended the final judgment only to clarify the extent of Black's recovery and denied Philco's attempt to amend the judgment in such a fashion as to recover eight per cent interest from the United States upon the Black judgment. Thus the trial judge clearly indicated his interpretation of the original amended judgment entered in the case and laid to rest any questions about the effect of the same. This court affirmed the amended final judgment and we would not now be disposed to change or alter that judgment.

■■■ Philco's second contention here to the effect that the government's payment to Black operated as a satisfaction and discharge of Black's judgment against Philco is premised on the proposition that satisfaction of a judgment against one tort feasor operates to satisfy the judgment against the other tort feasor. Dawson v. Board of Education, etc., 118 Utah 452, 222 P.2d 590 (1950). While that is a fair statement of the law, we reject the notion of its applicability here because clearly, from a reading of the instrument designated Satisfaction of Judgment, the judgment was not fully satisfied as between Black and Philco. *See* Markwell v. Local No. 978, etc., 215 F.Supp. 792 (W.D.Mo.1963). In order to put to rest any further controversy in the matter, the final question of how much Black is entitled to recover from Philco should be clearly expressed. The amended final judgment provided for payment of interest by Philco to Black upon the amount of the judgment from the date thereof until paid. Thus Black is entitled to recover interest from Philco on $40,000 computed at eight per cent per annum from the date of the entry of judgment until she received the payment from the government.