**BRIGHAM CITY SAND & GRAVEL, a corporation et al., Plaintiffs and Appellants,**

**v.**

**MACHINERY CENTER, INC., and Vera M. Jensen et al., Defendants, Third-Party Plaintiffs and Respondents,**

**v.**

**R. J. HARRIS MACHINERY AND LEASING COMPANY, and R. J. Harris, Third-Party Defendants and Respondents.**

No. 16325.

Supreme Court of Utah.

June 6, 1980.

Jack H. Molgard, Brigham City, for plaintiffs and appellants.

Roy G. Haslam, of Biele, Haslam & Hatch, Richard A. Rappaport, of Cohne, Rappaport & Segal, B. L. Dart, Jr., of Dart & Stegall, Salt Lake City, for respondents.

CROCKETT, Chief Justice:

Plaintiffs Brigham City Sand and Gravel, et al., seeks reversal of the dismissal of their action against defendant Machinery Center, Inc., for the return of certain machinery and equipment. The dismissal was

on the ground that plaintiffs had agreed to and accepted payment for their equipment from the other defendants, Vera Jensen, et al.

Plaintiffs allege that they are the owners of the machinery and equipment referred to, which they stored on the premises of defendants Jensen early in 1969. Subsequently, in October of 1974, the Jensens sold the property to defendant R. J. Harris Machinery and Leasing Co. for $2,500. The following January, Harris Machinery sold the property to defendant Machinery Center, Inc. for $8,500. In 1977, this suit was brought by plaintiffs to obtain return of the property. Machinery Center filed a third-party complaint against its vendor, Harris Machinery, for breach of warranty of title to obtain damages in the event plaintiffs succeeded with their suit. Plaintiffs then amended their complaint to include the alternatives, either the return of their property, or damages in the sum of $12,000. The Jensens in turn filed a counterclaim against the plaintiffs for trespass. Harris Machinery then filed a cross-claim against the Jensens asking for indemnification in the event Machinery Center recovered a judgment against them for damages.

Prior to the case coming to trial the plaintiffs and the defendants Jensen entered into an agreement and settlement. By it Jensens agreed to and paid $2,500 in settlement of all claims between them, and the plaintiffs agreed to indemnify the Jensens for any liability they incurred as a result of the Harris Machinery cross-claim; and the stipulation recited that the plaintiffs "reserve their rights against defendants Machinery Center."

On the basis of the foregoing, defendant Machinery Center moved to dismiss plaintiffs' complaint on the ground that plaintiffs had elected their remedy of accepting $2,500 damages for the conversion of their property and, having thus been paid for it, they were precluded from also seeking its return. The trial court agreed stating:

. . . [in] accepting damages in the amount of $2,500.00 from defendants, Jensen, et al., plaintiffs have elected a remedy of damages and have compromised and settled the said claim and are thereby precluded from pursuing the defendant, which would result in double recovery . . . . .

Plaintiffs' argument that the doctrine of election of remedies does not bar recovery against defendant Machinery Center seems to be based upon semantics. They urge that the settlement agreement should not be regarded as a recovery for their property, but only as an indemnification agreement whereby the Jensens agreed to pay plaintiffs $2,500 in return for their promise to pay any amount the Jensens should owe Harris Machinery as a result of the latter's cross-complaint.

 In support thereof, plaintiffs point to Rule 8(e) U.R.C.P., which allows the pleading of inconsistent claims.[1] It is true that this rule eliminates former rigidities of pleadings by allowing a party to set forth and pursue whatever claims he has, regardless of whether or not they are consistent.[2] However, the corollary thereto which must be kept in mind, and which has application in this case: that a party cannot have a double recovery for the same loss.[3]

1. Rule 8(e) provides in part:
 (e) Pleading to be Concise and Direct; Consistency.
 (1) Each averment of a pleading shall be simple, concise, and direct.

 . . . . .

 (2) . . . A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. . .

2. See *Smoot v. Lund*, 13 Utah 2d 168, 369 P.2d 933 (1962).

3. See *Cook v. Covey Ballard Motor Co.*, 69 Utah 161, 253 P. 196 (1927); *Kennedy et ux. v. Griffith et al.*, 98 Utah 183, 95 P.2d 752 (1940); *Farmers & Merch. Bank v. Universal C.I.T. Cr. Corp.*, 4 Utah 2d 155, 289 P.2d 1045 (1955); *Estate Counseling Service v. Merrill Lynch, Pierce, etc.*, 303 F.2d 527 (10th Cir. 1962).

The trial court correctly took the view that the matter of terminology should be disregarded and the transaction looked at for what it actually was: that what the plaintiffs were suing the Jensens for was the conversion of their property; and that the settlement agreement stated:

. . . the plaintiff's claims against said defendants have been fully adjusted, compromised and settled on the merits and further that said defendants' counterclaim against plaintiffs has been fully adjusted, settled and compromised on the merits and stipulate that plaintiffs' complaint against said defendants may be dismissed with prejudice and defendants' counterclaim against plaintiffs may be dismissed with prejudice.

The doctrine of election of remedies, which prevents a party from recovering more than once for the same loss, is based upon principles of equity and justice. That is an important consideration in this case, wherein they appear to favor defendant Machinery Center. It would be plainly contrary to those principles to allow a party to recover for the value of his property (as plaintiffs did from the Jensens here) through whom defendant Machinery Center derived its title, and then recover the property from the latter.[4] The plaintiffs could have protected their property if they had acted with reasonable diligence. But instead of doing so, they left it unattended for at least four years and thus provided the foundation for the series of events which resulted in the difficulties they now complain of, and stood by during what appears to be an enhancement of value, which they now seek to claim the advantage of.

Inasmuch as the defendant Machinery Center was not involved in the settlement agreement between the Jensens and the plaintiffs, it should neither be bound by, nor have its rights adversely affected thereby.

We are not persuaded that any injustice has resulted from the trial court's ruling that the plaintiffs, having elected to accept the $2,500 the Jensens had obtained in selling the machinery, are precluded from pursuing the machinery in the hands of defendant Machinery Center.

Affirmed. Costs to defendants (respondents).

MAUGHAN, WILKINS and HALL, JJ., concur.

STEWART, J., concurs in result.

---

4. See *National Surety Co. et al. v. Odle et al.*, 40 S.W.2d 876 (Tex.Civ.App.1931).