**WESTERN STEEL COMPANY, a Utah corporation, Plaintiff and Appellant,**

v.

**TRAVEL BATCHER CORPORATION, a Utah corporation, Donald H. Pickett, Royal W. Sims, R.W. Sims Trust, Key Industries, Inc., et al., Defendants and Respondents.**

No. 17637.

Supreme Court of Utah.

April 19, 1983.

Peter Stirba and Wilford M. Burton, Salt Lake City, for plaintiff and appellant.

R. Kimball Mosier, Carman E. Kipp and Verl R. Topham, Salt Lake City, for defendants and respondents.

HOWE, Justice:

Plaintiff, Western Steel Company, a secured party, brought this action against the defendants to either recover money for goods sold and enforce the provisions of a promissory note, or recover for the alleged wrongful conversion of the secured goods. Plaintiff subsequently settled with all defendants except Donald H. Pickett. Pickett thereafter moved for and was granted summary judgment. Plaintiff appeals.

Sometime between October 7, 1969 and June 5, 1970 the plaintiff sold and delivered goods in the amount of $39,304.31 to the defendants Pickett, Travel Batcher Corporation, Royal W. Sims, R.W. Sims Trust, and Key Industries, Inc. The goods included a Rite-Way ready mix truck. On June 5, 1970 Pickett and Travel Batcher Corporation executed a promissory note in favor of the plaintiff in which they jointly and severally promised to pay $32,500 to the order of the plaintiff. The note was secured by the ready mix truck and represented part of the $39,304.31 owing to plaintiff. The defendants subsequently defaulted on the note and plaintiff, on April 20, 1971, brought this action.

Plaintiff alleged three causes of action. The first cause of action was for goods sold and delivered by the plaintiff to the defendants in the amount of $39,304.31. The second cause of action was against Pickett and Travel Batcher Corporation based on the promissory note dated June 5, 1970 secured by the ready mix truck. The third cause of action was against all defendants for conversion of the truck. Subsequent to the filing of plaintiff's complaint, the truck was located and sold at a foreclosure sale for $19,200. Defendants claimed that the foreclosure sale had been improperly conducted and the proceeds from that sale were therefore escrowed pending the disposition of that claim.

In response to plaintiff's claims, Travel Batcher Corporation filed a counterclaim against Western Steel for restraint of trade seeking $750,000 in damages for refusing to sell it goods. Sims also counterclaimed for an accounting alleging that $350 was due under a licensing agreement for each Rite-Way ready mix unit manufactured by Western from 1968 through 1971, plus $100,000 for failure of Western Steel to deliver drawings and for $300,000 for selling and offering to sell certain business secrets to third parties.

On July 10, 1979, a settlement agreement was reached between the plaintiff and all defendants except Pickett. The Stipulation and Order of Dismissal specified that the plaintiff would dismiss all its claims against those defendants in return for Travel Batcher and Sims dismissing all their counterclaims. The settlement agreement also provided that Western Steel was to retain the $19,200 from the sale of the truck. Pickett thereafter made a motion for summary judgment claiming that he was entitled to judgment as a matter of law since: (1) his obligation had been satisfied by reason of payment by his co-obligors; and/or (2) plaintiff was barred from further action against Pickett by the doctrine of election of remedies. The trial judge granted Pickett's motion and plaintiff appeals.

Plaintiff first contends that the trial court erred in granting defendant's motion for summary judgment based on an election of remedies theory. More specifically, plaintiff alleges that the court's apparent reliance upon *Brigham City Sand and Gravel v. Machinery Center, Inc.,* Utah, 613 P.2d 510 (1980), was unwarranted. In that case, the plaintiff alleged that it was the owner of certain machinery which had been stored at the premises of the defendant Jensen. Jensen allegedly wrongfully sold the machinery to defendant Harris Machinery and Leasing Company for $2,500, which in turn sold it to defendant Machinery Center, Inc. for $8,500. Plaintiff brought action against the defendants for the return of the machinery and damages. Machinery Center, Inc. filed a third-party complaint against Harris Machinery for breach of warranty of title. Harris Machinery sued Jensen for indemnification and Jensen counterclaimed against the plaintiff for trespass. Plaintiff subsequently settled with Jensen for $2,500 and agreed to indemnify him against the third-party claims. Machinery Center, Inc. then made a motion to dismiss plaintiff's complaint on the ground that plaintiff had elected his remedy by accepting a dollar settlement and was precluded from now seeking the return of the property. The trial court so found and this Court agreed, that:

> ... [in] accepting damages in the amount of $2,500.00, from defendants, Jensen, et al., plaintiffs have elected a remedy of damages and have compromised and settled the said claim and are thereby precluded from pursuing the defendant, which would result in double recovery
> ....

613 P.2d at 511.

Plaintiff alleges that the *Brigham City Sand and Gravel* case is distinguishable from the case at bar since Western Steel was only seeking a remedy in damages whereas Brigham City Sand and Gravel was endeavoring to recover twice for the same loss: It had received damages in the settlement but then sought to pursue Machinery Center, Inc. for the goods. Plaintiff, on the other hand, alleges that only damages can compensate it fully since it has already executed on the security and now seeks only to collect the deficiency as the agreement between the parties and U.C.A., 1953, § 70A–9–502(2) would allow.

We do not dispute plaintiff's right to a deficiency judgment where the contract between the parties so provided and collateral was insufficient to cover the debt. See *Kennedy v. Bank of Ephraim,* Utah, 594 P.2d 881 (1979). The *Brigham City Sand and Gravel* case did not address that situation. In that case it was apparently assumed that the $2,500 settlement fully satisfied the plaintiff's loss. Such an assumption may have been justified since the defendant Jensen sold the machinery for $2,500. The law is well settled that an

obligee is entitled to be paid in full but cannot exact double recovery. 4 Corbin on Contracts, § 935 (1951). See also *Dawson v. Board of Education,* 118 Utah 452, 222 P.2d 590 (1950); *Green v. Lang Co., Inc.,* 115 Utah 528, 206 P.2d 626 (1949).

In the instant case, however, the determination as to whether the plaintiff was fully compensated for its loss, thus barring additional recovery, turns on whether the release of defendants' counterclaim was intended to be full payment of the deficiency between the amount recovered on the foreclosure sale of the ready mix truck ($19,200) and the total amount owing by defendants. To the extent that the release of claims satisfied the deficiency owing, it should be credited to all defendants, including Pickett, as required by U.C.A., 1953, § 15–4–3 which is part of the Uniform Joint Obligation Act adopted by our legislature in 1929. It provides:

> The amount or value of any consideration received by the obligee from one or more of several obligors, or from one or more of joint or of joint and several obligors, in whole or in partial satisfaction of their obligations shall be credited to the extent of the amount received on the obligation of all co-obligors to whom the obligor or obligors giving the consideration did not stand in the relation of a surety.

See also 66 Am.Jur.2d Release § 40–41 (1973). The difficulty of this case is that it is impossible to discover from the record what value the parties placed upon the dismissal of defendants' counterclaims. As a result, the extent of Pickett's liability, if any, cannot be now ascertained by this Court.

In Corbin, supra, § 935 at 761, it is stated:

> It is a question of fact for the jury whether a performance rendered by one obligor was received as the full equivalent and satisfaction of his claim by the obligee.

When the claim of the obligee is liquidated in amount, and the payment made on that claim by one obligor is in money, it should not be difficult to determine if the parties intended the payment to be in full satisfaction of the claim or not. However, when either the claim is unliquidated or the payment is made in something other than money, the question is more complex. In commenting on this problem, Justice Rutledge in *McKenna v. Austin,* 77 U.S.App.D.C. 228, 233, 134 F.2d 659, 664, 148 A.L.R. 1253, 1260 (1943) said:

> The difficulty is in how it shall be determined whether full indemnity has been received. This will vary with circumstances. Facts and intentions, rather than presumptions from the mere fact of settlement, should control. When damage to property is measurable with fair accuracy and has reasonable relation to the damage shown, the amount paid may be conclusive. With personal or other injuries less readily reduced to cash value, the difficulty may be greater ... Whether the settlement is made and accepted as full satisfaction or merely as the best obtainable compromise for the settler's liability is the crucial issue, and ordinarily one of fact. If however the agreement's terms leave no room for doubt, the decision should be made as a matter of law.

See *Gronquist v. Olson,* 242 Minn. 119, 64 N.W.2d 159 (1954) where one joint tort-feasor settled his liability to the plaintiffs by transferring and conveying to them his interest in certain real property. The court held that the value of that interest would be regarded as a satisfaction *pro tanto* to the other joint tort-feasors and affirmed the order of the trial court appointing appraisers to find the reasonable value of the interest conveyed if the parties could not agree upon that value.

The summary judgment is reversed and the case remanded to the district court to take evidence and determine the value, if any, placed by the settling parties on the dismissal of defendants' counterclaims, and to credit the amount so determined upon the plaintiff's claim against Pickett. Costs awarded to appellant.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

STEWART, J., does not participate herein.